IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**ALLIED SYSTEMS HOLDINGS, INC.,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br><br>**(Jointly Administered)**<br><br>Re: Docket Nos. 858 and 876 |

**DEBTORS' CONSOLIDATED RESPONSE TO: (A) MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING THE COMMITTEE TO PURSUE CERTAIN CLAIMS AND CAUSES OF ACTION OF THE DEBTORS' ESTATES AND (B) MOTION AND MEMORANDUM OF LAW OF PETITIONING CREDITORS FOR ENTRY OF AN ORDER (I) PURSUANT TO 11 U.S.C. §105(a) GRANTING STANDING TO PETITIONING CREDITORS TO PROSECUTE CERTAIN CLAIMS OF THE DEBTORS ESTATES FOR, *INTER ALIA*, EQUITABLE SUBORDINATION, BREACH OF FIDUCIARY, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AND BREACH OF CONTRACT, OR ALTERNATIVELY (II) GRANTING PETITIONING CREDITORS LEAVE TO INTERVENE AS PLAINTIFFS IN ADVERSARY PROCEEDING NO. 13-50530 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24**

The above-captioned debtors and debtors-in-possession ("**Debtors**") hereby file their consolidated response to the *Motion of Official Committee of Unsecured Creditor for an Order Authorizing the Committee to Pursue Certain Claims and Causes of Action of the Debtors' Estate* [Dkt. No. 858] (the "**Committee Standing Motion**") and the *Motion and Memorandum of Law of Petitioning Creditors for Entry of an Order (I) Pursuant to 11 U.S.C. §105(a) Granting Standing to Petitioning Creditors to Prosecute Certain Claims of the Debtors Estates for, Inter Alia, Equitable Subordination, Breach of Fiduciary, Aiding and Abetting Breach of*

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (875688228); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

*Fiduciary Duty, and Breach of Contract, or Alternatively (II) Granting Petitioning Creditors Leave to Intervene as Plaintiffs in Adversary Proceeding No. 13-50530 Pursuant to Federal Rule of Civil Procedure 24* [Dkt. No. 876] (the "**Petitioning Creditors' Standing Motion**"), as follows:

## PRELIMINARY STATEMENT

Without stating or implying agreement with, inter alia, (a) any of the allegations contained in *The Official Committee of Unsecured Creditors' Complaint for (I) Equitable Subordination, (II) Recharacterization, (III) Breach of Contract, (IV) Specific Performance, (V) Breaches of Fiduciary Duties, (VI) Aiding and Abetting Breaches of Fiduciary Duties, (VII) Avoidance and Recovery of Avoidance Transfers, and (VIII) Disallowance of Certain Claims*, Adv. Pro. No. 13-50530 [Adv. Pro. Dkt. No. 1] (the "**Committee Complaint**") or (b) the assertions in the Committee's Standing Motion concerning the alleged lack of independence of the Debtors' two directors not affiliated with Yucaipa[2], the Debtors do not oppose the relief sought by the Official Committee of Unsecured Creditors (the "**Committee**") in the Committee Standing Motion. The Debtors concede that, under the circumstances, the Committee is the appropriate party to prosecute the alleged Causes of Action on behalf of the Debtors' estates.

The Debtors oppose, however, the relief requested by BDCM Opportunity Fund II, LP, Black Diamond CLO 2005-1 Ltd., and Spectrum Investment Partners, L.P. (collectively, the "**Petitioning Creditors**") for standing to prosecute claims belonging solely to the Debtors' estates. The Committee has conducted a comprehensive investigation, spanning nearly seven months, into alleged claims that could be asserted by the Debtors. Given the Committee's substantial investment and the Committee's fiduciary duties to the Debtors' estates, the interests

---

[2] All capitalized terms not defined herein shall have the meaning ascribed thereto in the Committee Standing Motion or the Petitioning Creditors' Standing Motion, as applicable.

of the Debtors' creditors, including the Petitioning Creditors, with respect to the Causes of Action will be adequately and ably represented. The Petitioning Creditors have cited no authority for granting a creditor standing to prosecute estate causes of action where there is an official committee with standing to pursue such claims. Granting the Petitioning Creditors' standing request with respect to estate claims would result in duplicative litigation and increase the risk of unnecessary costs to the Debtors' estates, particularly given the Petitioning Creditors' reservation of their right to later seek payment for costs and expenses under 11 U.S.C. § 503(b). In short, the Debtors fail to see any wisdom in having two sets of plaintiffs pursuing the same Causes of Action.

For similar reasons, the Debtors also oppose the Petitioning Creditors' broad request to intervene as plaintiffs in the Committee Adversary Proceeding. Bankruptcy Rule 7024 does not provide the Petitioning Creditors with a back door to obtain standing over estate causes of action. Instead, the right of the Petitioning Creditors to appear and be heard in the Committee Adversary Proceeding as intervenors should be narrowly tailored and should not be tantamount to conferring standing to pursue estate causes of action.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are Sections 105 and 1109 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 7024 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

3. On May 17, 2012, involuntary petitions were filed against Allied Systems Holdings, Inc. ("**Allied Holdings**") and its subsidiary Allied Systems, Ltd. (L.P.) ("**Allied Systems**") under chapter 11 of the Bankruptcy Code in this Court. On June 10, 2012 the remaining Debtors filed voluntary petitions in this Court and, in connection therewith, Allied Holdings and Allied Systems consented to the involuntary petitions filed against them. Additional information regarding the Debtors' business and the background relating to events leading up to the above-captioned Chapter 11 cases can be found in the *Declaration of Scott D. Macaulay in Support of First-Day Pleadings* [Dkt. No. 80].

4. The Debtors continue to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of title 11 of the United States Code ("**Bankruptcy Code**"). The Office of the United States Trustee for the District of Delaware appointed the Committee on June 20, 2012.

5. On January 25, 2013, the Petitioning Creditors filed their *Complaint for (I) Equitable Subordination of Claims against the Yucaipa Defendants, (II) Specific Performance Against the Yucaipa Defendants, (III) Breach of Contract Against the Yucaipa Defendants, (IV) Breach of Fiduciary Duty Against the Yucaipa Directors, and (V) Aiding and Abetting Breach of Fiduciary Duty Against Burke and the Yucaipa Defendants*, Adv. Pro. No. 13-50499 [Adv. Pro. Dkt. No. 1], (the "**Petitioning Creditors' Complaint**"). The Petitioning Creditors' Standing Motion was filed on February 8, 2013.

6. On February 1, 2013, the Committee Complaint and Committee Standing Motion were filed.

## I. THE PETITIONING CREDITORS SHOULD NOT BE GRANTED LEAVE TO PROSECUTE CLAIMS ON BEHALF OF THE DEBTORS' ESTATES.

7. As stated above, the Debtors do not oppose the Committee's request for standing to prosecute the alleged Causes of Action. Unlike the Petitioning Creditors, the Committee is entrusted with fiduciary obligations to the Debtors' creditors that will ensure the interests of the Debtors' estates are adequately protected.[3]

8. The Petitioning Creditors nevertheless argue that they should be granted standing to pursue the estates' causes of action. First, they assert that the litigation will involve substantial costs and expenses and the Committee lacks the necessary funding. In response, the Debtors again note that the Committee, which has already filed and appears to be vigorously prosecuting the Committee Complaint, is ably represented and will undoubtedly address any funding concerns as it deems necessary. On the other hand, while the Petitioning Creditors state that they will have no funding issues if they are granted standing, they do reserve the right to seek payment of such costs from the Debtors' estates under section 503(b) of the Bankruptcy Code. As a result, joint standing, with two sets of plaintiffs pursuing the same estates causes of action, would be a formula for duplicative requests against the estates for reimbursement of litigation costs.

9. Second, the Petitioning Creditors argue that, because the parties have agreed to a consolidated scheduling order for the Committee Complaint, Petitioning Creditors' Complaint and the Declaratory Judgment Adversary, they will already be involved in litigation of the issues

---

[3] In *The Official Committee of Unsecured Creditors v. Cablevision Systems Corp. (In re Valley Media, Inc)*, 2003 WL 21956410 (Bankr. D. Del. Aug. 14, 2003), the Bankruptcy Court cited the Third Circuit's decision in *The Official Committee of Unsecured Creditors of Cybergenics Corporation v. Chinery*, 330 F.3d 548, 563, 568-69 (3d Cir. 2003) for the proposition that a creditor can obtain derivative standing when the trustee or debtor is delinquent in pursuing an action on behalf of the estate. As such, if the litigation or prosecution of a claim is not "delinquent," then granting standing to an additional party is inappropriate. In this case the Debtors have consented to the Committee's prosecution of the alleged Causes of Action, and the Committee's prosecution of same is not delinquent. Accordingly, approval of standing for another party to pursue such Causes of Action would be inappropriate.

5

asserted in the Committee Complaint.  Therefore, the Petitioning Creditors argue that granting leave to prosecute such claims will "promote the smooth and efficient litigation of the panoply of issues presented in the various adversary proceedings." Petitioning Creditors' Standing Motion, ¶ 6.  However, the Petitioning Creditors have also asserted in their Complaint direct claims that will involve their participation in the litigation without the need for conferring standing to prosecute estate causes of action. As is clear from the scheduling order that has been proposed, all three of the pending Adversary Proceedings will proceed in tandem with a coordinated schedule and process for discovery, whether or not the Petitioning Creditors are conferred standing to pursue estate causes of action.

10. For these reasons, the Debtors request the Court deny the Petitioning Creditors' request for standing to prosecute claims and causes of action on behalf of the Debtors' estates.

**II. THE PETITIONING CREDITORS' RIGHT TO INTERVENE IN THE COMMITTEE ADVERSARY PROCEEDING SHOULD BE LIMITED TO THE OPPORTUNITY TO APPEAR AND BE HEARD.**

11. The Petitioning Creditors request, alternatively, to intervene in the Committee adversary proceeding "as plaintiffs" pursuant to Bankruptcy Rule 7024.  (Petitioning Creditors Standing Motion, ¶ 44.)   While the Debtors do not oppose the Petitioning Creditors' request to appear and be heard in the Committee Adversary Proceeding as a party in interest, the Debtors do oppose the request to intervene to the extent the request, if granted, would have the effect of conferring upon the Petitioning Creditors standing "as plaintiffs" to pursue claims on behalf of the Debtors' estates.  Moreover, as previously noted, the Petitioning Creditors have already filed direct causes of action possessed by them and do not need to intervene in the Committee Adversary Proceeding in order to pursue those claims.

12. While Section 1109 of the Bankruptcy Code, as interpreted by *In re Marin Motor Oil, Inc.*, 689 F.2d 445 (3d Cir. 1982), provides parties in interest with a right to intervene in

6

adversary proceedings, intervention alone does not vest the intervenor with ownership or control of the underlying litigation. See, e.g., *In re Adelphia Communications Corp*, 285 B.R. 848 (Bankr. S.D.N.Y. 2002). The intervenor must act within the limitations imposed by the court to promote orderly procedure and address particular needs and concerns that may arise. *Id.* at 851.

13. The Petitioning Creditors claim that their interests in the Committee Adversary Proceeding will not be adequately protected by the Committee. First, they assert that all estate causes of action are subject to Adequate Protection Liens and, as a result, they have a significant interest in the prosecution of the estate claims. Second, the Petitioning Creditors allege that permitting intervention will enhance the prospects for a broader support of any potential settlement of the Causes of Action. Assuming *arguendo* that these are valid concerns, they do not require the Petitioning Creditors be granted all of the litigation rights of the Committee with respect to estate causes of action. For example, Bankruptcy Rule 9019 provides the Petitioning Creditors the opportunity to object and be heard on any potential settlement of the Causes of Action. Allowing the Petitioning Creditors to fully engage by, as they request, "participating in discovery, motion practice, and any settlement discussions, and advancing legal arguments and positions as appropriate" would provide a back door to standing.

14. The broad right to intervene under Bankruptcy Rule 7024 should be tempered by the need to keep litigation orderly and efficient and with deference to the party which has actual standing to pursue the claims in question. Therefore, the Debtors request the Court deny the Petitioning Creditors' requests to intervene as proposed. Instead, the Debtors respectfully submit that the Petitioning Creditors' intervention in the Committee Adversary Proceeding be limited to the opportunity to appear and be heard as contemplated by Section 1109(b) of the Bankruptcy Code.

7

Dated: February 19, 2013
      Wilmington, Delaware

Respectfully submitted,

*/s/* Marisa A. Terranova
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Christopher M. Samis (No. 4909)
Marisa A. Terranova (No. 5396)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
Email: stearn@rlf.com
Email: samis@rlf.com
Email: terranova@rlf.com

-and-

Jeffrey W. Kelley (GA Bar No. 412296)
Ezra H. Cohen (GA Bar No. 173800)
Michael E. Johnson (GA Bar No. 395039)
Matthew R. Brooks (GA Bar No. 378018)
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308-2216
Telephone No.: (404) 885-3000
Facsimile No.: (404) 885-3900
Email: jeffrey.kelley@troutmansanders.com
Email: ezra.cohen@troutmansanders.com
Email: michael.johnson@troutmansanders.com
Email: matthew.brooks@troutmansanders.com

*Attorneys for the Debtors and Debtors-in-Possession*