IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ALLIED SYSTEMS HOLDINGS, INC., *et al.*,[1] | Case No. 12-11564 (CSS) |
| Debtor. | (Jointly Administered) |
| | **Hearing Date:** February 27, 2013 at 9:30 a.m.<br>**Objection Deadline:** February 22, 2013 at 4:00 p.m.<br>(extended for the Committee) |
| | **Re: Docket No. 876** |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO THE MOTION AND MEMORANDUM OF LAW OF
PETITIONING CREDITORS FOR ENTRY OF AN ORDER (I) PURSUANT
TO 11 U.S.C. §105(A) GRANTING STANDING TO PETITIONING CREDITORS
TO PROSECUTE EQUITABLE SUBORDINATION, BREACH OF FIDUCIARY,
AIDING AND ABETTING BREACH OF FIDUCIARY DUTY AND BREACH OF
CONTRACT, OR ALTERNATIVELY (II) GRANTING PETITIONING CREDITORS
LEAVE TO INTERVENE AS PLAINTIFFS IN ADVERSARY PROCEEDING
NO. 13-50530 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24**

The Official Committee of Unsecured Creditors (the "Committee"), appointed in

the above-captioned chapter 11 cases of Allied Systems Holdings, Inc. ("Allied"), Allied

Systems, Ltd. (L.P.) ("Systems") and their U.S. and Canadian subsidiaries (collectively, the

"Debtors," or the "Company"), by and through its undersigned counsel, respectfully submits this

response (the "Response") to the Motion and Memorandum of Law of Petitioning Creditors for

Entry of an Order (I) Pursuant to 11 U.S.C. §105(a) Granting Standing to Petitioning Creditors to

---

[1]  The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (87568828); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582).  The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

Prosecute Equitable Subordination, Breach of Fiduciary, Aiding and Abetting Breach of Fiduciary Duty and Breach of Contract, or Alternatively (II) Granting Petitioning Creditors Leave to Intervene as Plaintiffs in Adversary Proceeding No. 13-50530 Pursuant to Federal Rule of Civil Procedure 24 (the "Motion").[2]  In support of the Response, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.      As detailed in the Committee Complaint, the Committee believes that the Debtors' estates have valuable claims against Yucaipa as well as against the directors of the Debtors who permitted Yucaipa to engage in a long-standing pattern of shenanigans that have caused significant harm to the Debtors, their estates and their stakeholders.  The Committee developed the facts supporting its allegations through a multi-month investigation that led it to conclude that significant causes of action exist and the Committee is diligently pursuing these valuable causes of action.

2.      With respect to the Petitioning Creditors' request for standing, the law is clear that requests of individual creditors to bring derivative claims on behalf of the Debtors' estates can, and should, be denied where a creditors' committee itself has authority to bring the same causes of actions on the estate's behalf.  This is particularly true here where, by the Petitioning Creditors' own admission, the allegations and claims already brought by the Committee are substantially similar to those alleged by the Petitioning Creditors, and the general fact that the Committee, as a fiduciary of the Debtors' unsecured creditors, is a more appropriate representative to bring the estate causes of action.

---

[2]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.    The only argument offered by the Petitioning Creditors for why they should be granted standing to pursue their complaint is based upon the fact that the current debtor in possession financing does not provide for payment of the Committee's fees in pursuing its claims against Yucaipa and the directors.  While true, this does not give rise to a justification for providing the Petitioning Creditors with standing.[3]  Moreover, the Committee is, among other things, actively investigating alternative financing arrangements to fund the Committee Adversary Proceeding.  Notwithstanding the current unavailability of funds, the Committee stands ready, willing and able to pursue its claims and it will do so.  What is more, the Petitioning Creditors readily admit that they may seek recovery of their fees as an administrative expense of the estate.  Thus, if the Petitioning Creditors were granted standing, the estates may have to cover the Petitioning Creditors' fees for pursuing the same causes of action that will be prosecuted by the Committee.  There is no support for such an arrangement, particularly if this Court agrees that the Committee's viable claims should go forward.

4.    With respect to the Petitioning Creditors' request for intervention in the Committee Adversary Proceeding, the Committee would consent to the Petitioning Creditors being granted intervention if appropriate limits are placed upon the Petitioning Creditors' participation such that the Petitioning Creditors are prevented from being able to control, or otherwise unduly delay or prejudice, the Committee Adversary Proceeding.

5.    Accordingly, the Committee respectfully submits that the Petitioning Creditors should be denied standing to pursue the Petitioning Creditors' Adversary Proceeding but could be granted leave to intervene in the Committee Adversary Proceeding if appropriate limits are imposed on their participation.

---

[3]    The Committee reserves its right to file a motion with this Court to seek further use of Cash Collateral or proceeds of current or any future debtor in possession financing to take actions in the best interests of the Debtors' estates, including the prosecution of the Committee Complaint and related actions.

## I.  THE PETITIONING CREDITORS SHOULD BE DENIED STANDING TO BRING ESTATE CAUSES OF ACTION

6.    The Committee objects to the Petitioning Creditors' request to be granted standing to prosecute estate causes of action fundamentally because the Committee itself is ready, willing, and able to prosecute those same causes of action on behalf of the Debtors' estates.  No party has disputed that the Committee, as the statutory and fiduciary representative of all unsecured creditors of the estates, should be granted standing to bring estate causes of action against the defendants named in the Committee Complaint.   Accordingly, as the Committee is prepared to litigate these valuable estate causes of action, it would be in the best interest of the Debtors' estates for the Committee to bring those causes of action on the behalf of the Debtors.

### A.  Standard of Review

7.    As part of the analysis to determine whether to grant derivative standing, courts examine whether or not granting derivative standing would be in the best interests of the estate. *See In re Centaur, LLC*, No. 10-10799 (KJC), 2010 WL 4624910, at *5 n.12 (Bankr. D. Del. Nov. 5, 2010) ("a debtor's failure to bring a claim is deemed to be unjustifiable when the committee has presented a colorable claim that on appropriate proof would support recovery, and *the action is likely to benefit the reorganization estate*.") (emphasis added, quotations and citation omitted); *In re G-I Holdings, Inc.*, 313 B.R. 612, 643 (Bankr. D.N.J. 2004) (finding that determining what constitutes an "unjustifiable" refusal depends, among other things, on whether allowing the movant's action will benefit the estate).

8.    Thus, courts in the Third Circuit have recognized that it is generally in the best interests of the estate to have the creditors' committee bring estate causes of action where a debtor is conflicted and an individual creditor has also sought to bring the same estate causes of

action. Specifically, courts in the Third Circuit have denied derivative standing to the individual creditor where "an official committee is willing, able, and unhampered by any real or logically-perceived conflicts from maintaining that action on the [d]ebtor's behalf," regardless of whether or not the individual creditor would bear its own costs of prosecuting the action. *In re Labrum & Doak, LLP*, No. 98-10215 (DAS), 1998 WL 246530, at *3 (Bankr. E.D. Pa. May 14, 1998) (denying derivative standing to individual creditor); *see In re Exide Technologies, Inc.*, 299 B.R. 732, 738-39, n.4 (Bankr. D. Del. 2003) (permitting creditors' committee to bring estate causes of action, but denying individual creditor such standing to bring same causes of action because of doubt about whether the creditor was an appropriate representative and the necessity of such a litigation in light of the creditors' committee's prosecution of the adversary proceeding).

9.    In this case, where the Committee has already filed a complaint that alleges almost identical claims and causes of action, and stands ready, willing and able to prosecute those claims, there is no cause or justification to granting duplicative standing to another, non-fiduciary party. Accordingly, the Petitioning Creditors' request for standing should be denied.[4]

**B. The Petitioning Creditors Should be Denied Standing Because the Petitioning Creditors' Complaint is Duplicative of the Committee Complaint**

10.    By their complaint and Motion, the Petitioning Creditors in essence seek to prosecute the same estate causes of action covered in the Committee Complaint. The only justification offered by the Petitioning Creditors for such duplication is their assertion that the Committee purportedly lacks the financial ability to diligently prosecute the Committee

---

[4]    As the Petitioning Creditors acknowledge, the only differences between the Committee's Complaint and the Petitioning Creditors' Complaint is that: (i) the Committee has raised a claim of recharacterization against Yucaipa; (ii) the Committee has asserted breach of fiduciary duty claims against James Frank and Yucaipa; and (iii) the Committee has not brought claims directly against Ronald Burkle, See Motion ¶ 20 n.13. To the extent that the Committee learns of facts that would support a direct claim against Mr. Burkle, it reserves its right to amend its complaint to bring such claims.

Adversary Proceeding. *See* Motion ¶¶ 5, 16. However, this claim does not support duplicative efforts.

11.    The Committee will continue to vigorously prosecute the Committee Adversary Proceeding while it investigates alternative financing arrangements to fund the Committee's litigation.    At present, among other things, the Committee is considering undertaking prosecution of the Committee Adversary Proceeding on a contingent fee basis, and is also seeking alternative debtor in possession financing that would be designed to (i) ensure the Debtors' businesses can continue without being adversely affected by the litigation, (ii) fund the litigation, and (iii) pay off (or supplement) the current debtor in possession financing.[5] Under either approach, the Debtors' estates would not have to bear the cost of the Committee's litigation. *See, e.g., In re STN Enterprises*, 779 F.2d 901, 906 (2d Cir. 1985) (recognizing that a fee arrangement where the committee would only seek reimbursement out of any recovery would have limited adverse effects on expense to the bankruptcy estate); *In re Dewey & LeBoeuf LLP*, No. 12-12321 (MG), 2012 WL 5985445, at *7 (Bankr. S.D.N.Y. Nov. 29, 2012) (finding that arrangements based on a contingency or combined contingency-time charge basis with oversight of prosecution would not affect any determination as to whether the requested relief is in the best

---

[5]    Incidentally, the current debtor in possession financing will mature prior to the trial currently scheduled to begin in July 2013. *See* DIP Financing Agreement § 1.1 (defining the Maturity Date as June 11, 2013). In the course of these bankruptcy cases, the Committee has repeatedly –as recently as this week – sought to expand the budget for investigating and prosecuting causes of action under the Final DIP Order because of the Committee's belief that valuable estate causes of action exist. Yucaipa has permitted the payment of legal and other fees and expenses relating to the investigation and prosecution of certain actions against Yucaipa and certain other entities up to January 25, 2013, but has thus far refused to permit any of its debtor in possession financing to fund the Committee's active litigation against Yucaipa.

To the extent that Yucaipa legitimately believes that the Committee should be the sole party to prosecute the estate causes of action, as it stated to the Court at the last hearing, and to the extent that Yucaipa does actually wish to proceed in the best interests of the estates, it should consent to the use of DIP proceeds or Cash Collateral to prosecute the Committee Complaint. The Committee reserves its right to file a motion with this Court to seek further use of Cash Collateral or proceeds of current or any future debtor in possession financing to take actions in the best interests of the Debtors' estates, including the prosecution of the Committee Complaint and related actions.

interests of the estate); *In re Louisiana World Exposition, Inc.*, 858 F.2d 233, 248 n.15 (5th Cir. 1988) (stating that there was a limited cost factor "given the contingent nature of the attorney's fee schedule").

12.    In this case, the Committee has a "close identity of interests with the [Debtors]." *In re Spaulding Composites Co., Inc.*, 207 B.R. 899, 904 (B.A.P. 9th Cir. 1997). Just as the Debtors have "an obligation to pursue all actions that are in the best interests of creditors and the estate" (*id.*), the Committee has a lasting interest in maximizing the pecuniary value of the Debtors' estates in order to maximize the value to unsecured creditors, and views the financial health of the Debtors as critical to that interest.  The Committee will be able to fully protect the interests of creditors by bringing the Committee Adversary Proceeding on behalf of the estate.  Indeed, the Debtors agreed that the Committee is the appropriate party to pursue the estate causes of action set forth in the Committee Complaint.  D.I. 907.  Thus, the Debtors did not act unjustifiably in denying the Petitioning Creditors' standing to bring these same estate causes of action.  *See In re National Forge Co.*, 326 B.R. 532, 548 (W.D. Pa. 2005) (holding that part of the cost/benefit analysis includes considering whether the movant's interests are otherwise protected in view of the debtor's refusal); *In re G-I Holdings, Inc.*, 313 B.R. 612, 643 (finding that determining what constitutes an "unjustifiable" refusal depends, among other things, on whether the movant's interests will be protected despite the debtor's refusal).

13.    Accordingly, the Committee is the more appropriate representative of the estate to prosecute the estate causes of action set forth in the Committee Complaint.  It is not necessary or in the best interests of the Debtors' estates to have duplicative litigation in the form of the Petitioning Creditors' Complaint.  Rather, granting the Petitioning Creditors standing to prosecute these estate causes of action would likely lead to duplicative litigation costs that could

end up being borne by the Debtors' estates. *See* Motion at p. 3 n.9 (Petitioning Creditors reserving the right to seek payment of prosecuting the Petitioning Creditors' Adversary Proceeding). In the interests of enhancing expediency and efficiency, as well as preserving the resources of the Debtors' estates, the Petitioning Creditors should be denied standing to prosecute estate causes of action.[6] *See In re Exide*, 299 B.R. 732, 739, n.4 (denying individual creditor standing to bring causes of action in part because its prosecution in the adversary proceeding was not necessary in light of the creditors' committee's prosecution of the same adversary proceeding).

## II.    THE PETITIONING CREDITORS' REQUEST FOR INTERVENTION SHOULD BE LIMITED

14.    The Committee would consent to intervention by the Petitioning Creditors in the Committee Adversary Proceeding if appropriate limits are placed upon their participation to avoid any prejudice or delay to the parties to the Committee Adversary Proceeding.

15.    Courts have found that a distinction must be made "between the right to intervene in an adversary proceeding . . . and the right to take ownership of the debtors' claims in that adversary proceeding." *In re Smart World Techs., LLC*, 423 F.3d 166, 181 (2d Cir. 2005). Moreover, courts have the right to "control the proceedings before them even after intervention, and, if necessary, limit actions by intervenors or require coordination, in the interests of judicial economy, avoiding harassment or excessive burdens, or otherwise in the interests of justice." *In re Adelphia Commc'ns Corp.*, 285 B.R. 848, 857 (Bankr. S.D.N.Y. 2002) (citation omitted).

16.    Therefore, the Committee would consent to the Petitioning Creditors being allowed to intervene and to be heard "*i.e.,* [so] that they may 'raise and appear and be heard on

---

[6]    To be clear, the Petitioning Creditors should be permitted to assert any causes of action that they prove to this Court's satisfaction that they can bring on their own behalf, rather than on behalf of the Debtors.

any issue . . .'" and may "fully monitor the proceedings (including 'sitting in' at depositions, and reviewing material produced in discovery)" provided that the Petitioning Creditors do not take intervention to be a license to take "ownership of the causes of action in question." *In re Adelphia*, 285 B.R. at 851.

17.     Accordingly, the Committee only asks that the Petitioning Creditors' intervention in the Committee Adversary Proceeding be tailored to ensure that the Petitioning Creditors would not be able to take ownership of the causes of action (*e.g.*, by having this Court monitor the Petitioning Creditors' activity in the Committee Adversary Proceeding, and only permitting the Petitioning Creditors to participate the proceedings, sit in at depositions, review material produced in discovery, and have such other participation deemed appropriate by this Court). *See In re Adelphia*, 285 B.R. at 857-58 (holding that courts may "limit actions by intervenors or require coordination, in the interests of judicial economy, avoiding harassment or excessive burdens, or otherwise in the interests of justice"); *see also In re Marin Motor Oil, Inc.*, 689 F.2d 445, 453 (3d Cir. 1982) (holding that "bankruptcy courts [have] sufficient means to control any confusion, disorder or expense that might result from . . . intervention," and focusing on protecting the estate from unnecessary depletion, delay of the case and prejudice to any party).

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court (i) deny the Petitioning Creditors' request in the Motion for standing on the grounds set forth herein, (ii) if appropriate, grant the Petitioning Creditors' request in the Motion for intervention in the Committee Adversary Proceeding subject to appropriate limits on the grounds set forth herein, and (iii) grant such other further relief as is just and proper.

Dated: Wilmington, Delaware
       February 22, 2013

                    **SULLIVAN HAZELTINE ALLINSON LLC**

                    William D. Sullivan (No. 2820)
                    William A. Hazeltine (No. 3294)
                    901 N. Market St., Suite 1300
                    Wilmington, DE 19801
                    Telephone: (302) 428-8191
                    Facsimile:  (302) 428-8195

                    – and –

                    **SIDLEY AUSTIN LLP**
                    Michael G. Burke
                    Nicholas K. Lagemann
                    Brian J. Lohan
                    Dennis Kao
                    787 Seventh Avenue
                    New York, NY 10019
                    Telephone: (212) 839-5300
                    Facsimile:  (212) 839-5599

                    Matthew A. Clemente
                    One South Dearborn Street
                    Chicago, IL 60603
                    Telephone: (312) 853-7000
                    Facsimile:  (312) 853-7036

                    *Counsel for the Official Committee of Unsecured Creditors*