IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| ALLIED SYSTEMS HOLDINGS, INC., *et al.*, | ) ) ) | Case No. 12-11564 (CSS) (Jointly Administered) |
| | ) | |
| Debtors. | ) ) | Re: D.I. 1162 |

## ORDER ON MOTION OF DEFENDANT MARK GENDREGSKE AND OF BRIAN CULLEN FOR ENTRY OF AN ORDER ALLOWING FOR ADVANCEMENT OF DEFENSE COSTS UNDER INSURANCE POLICY

Upon the *Motion of Defendant Mark Gendregske and of Brian Cullen for Entry of an Order Allowing for Advancement of Defense Costs under Insurance Policy* (the "Motion"), and the Court, having considered the Motion and any objections or responses thereto, hereby ORDERS as follows:

1. The Motion is GRANTED as set forth herein.

2. The Lexington Insurance Company's (the "Insurer") is hereby authorized to advance Defense Costs (as defined in the Directors, Officers and Private Company Liability Insurance Policy No. 1950851 (the "Policy")) to the Insured Parties in accordance with the terms of the Policy, including without limitation in connection with the following actions:

   a. In re: Allied Systems Holdings, Inc., Case No. 1:12-11564-CSS in the United States Bankruptcy Court for the District of Delaware.

   b. The Official Committee of Unsecured Creditors of Allied Systems Holdings, Inc. and its Affiliated Debtors, et al. v. Yucaipa American Alliance Fund, I, LP, et al., Adversary Proceeding No. 13-50530 in the United States Bankruptcy Court for the District of Delaware.

  c. <u>BDCM Opportunity Fund II, LP, et al. v. Yucaipa American Alliance Fund, I, LP, et al.</u>, Adversary Proceeding No. 13-50499 in the United States Bankruptcy Court for the District of Delaware.

3. Any such Defense Costs advanced by Insurer in accordance with paragraph 2 hereof and the terms and conditions of the Policy are not property of the Debtors' Estates, and the automatic stay imposed by Section 362(a) of the Bankruptcy Code is lifted with respect to the Insurer's advancement of Defense Costs (as defined in the Policy) to Defendant Mark Gendregske ("<u>Mr. Gendregske</u>") and Brian Cullen ("<u>Mr. Cullen</u>," and collectively with Mr. Gendregske, the "<u>Insured Parties</u>").

4. The costs incurred on behalf of Mr. Gendregske and/or Mr. Cullen shall be credited against the Policy as Defense Costs.

5. Nothing contained in this Order is intended to modify or change any of the terms and conditions of the Policy.

6. Following entry of this Order by the Bankruptcy Court, until further order of the Court, counsel of record for the Insured Parties shall, within 10 days following the 1st day of each quarter (the "Reporting Date"), submit a written report (the "Report") to the Court, with copies to counsel for the Debtors, the United States Trustee and the Official Committee of Unsecured Creditors (the "Committee," together with the Debtors and the United States Trustee, the "Notice Parties"), stating: (a) the total aggregate amount disbursed pursuant to the Policy through the last day of the quarter immediately prior to the Reporting Date; (b) the amount disbursed pursuant to the Policy during the quarter immediately prior to the

Reporting Date; (c) the aggregate amount of fees, costs, and/or other losses of any sort incurred by all of the Insured Parties for which the Insured Parties have tendered invoices seeking payment under the Policy but for which the Insurer have not yet made disbursement through the last day of the quarter immediately prior to the Reporting Date; and (d) to the best knowledge of counsel of record for the Insured Parties, the total coverage remaining pursuant to the Policy.

7. The Report shall not include any information subject to attorney-client privilege or the attorney work product doctrine, shall not include any description of work, billing statements or time entries, and, unless otherwise ordered by the Court, shall not be filed on the docket in these chapter 11 cases or disclosed to any other party other than the Notice Parties.

8. Until such time as the Court enters a final decree closing this jointly administered bankruptcy proceeding of the Debtors' Estates, the Court shall retain jurisdiction with respect to any matters related to or arising from the implementation of this Order.

Dated: ____6/4____, 2013
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

7200917