IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALLIED SYSTEMS HOLDINGS, INC., *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br><br>(Jointly Administered)<br><br>**Proposed Hearing Date**: Sept. 10, 2013 at 12:00 p.m.(EDT)<br>**Proposed Objection Deadline**: On or before Sept. 10, 2013 at 12:00 p.m. (EDT)<br><br>Re:  Docket Nos. 1175, 1320, 1616, 1640, 1654, 1712, 1731 |

### MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO REOPEN THE AUCTION RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Allied Systems Holdings, Inc. ("Allied"), Allied Systems, Ltd. (L.P.) ("Systems") and their U.S. and Canadian subsidiaries (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this motion (the "Motion"), pursuant to section 105(a), 363, 1107 and 1108 of the Bankruptcy Code, to reopen the auction (the "Auction") held in connection with the *Motion of the Debtors for Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (II) Approving Bid Protections; (III) Scheduling a Hearing to Consider the Sale; (IV) Approving the*

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (87568828); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582).  The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

*Form and Manner of Notice of Sale by Auction; (V) Establishing Procedures for Noticing and Determining Cure Amounts; and (VI) Granting Related Relief; and (B)(I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of Debtors Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests; (III) Authorizing the Assumption, Sale, and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* (the "<u>Sale Motion</u>") (D.I. 1175).[2] In support of the Motion, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. As outlined in the Committee's objection to the Sale Motion (the "<u>Objection</u>") (D.I. 1731) and other objections to the Sale Motion, several parties that attended the Auction raised issues related to whether the Auction was conducted in a fair, open and transparent manner and whether the Debtors exercised sound business judgment in determining that the Requisite Lenders' Winning Bid was the highest and best bid.[3] In order to resolve these issues, the Committee requested that this Court reopen the Auction to allow bidders to submit additional bids in a more competitive Auction in an effort to maximize the value to the estate. Indeed, the Committee suggested that higher and better bids may be received by the Debtors from potential bidders if the Auction were to be reopened and conducted on a level playing field, and it appears that such a bid has already been submitted to the Debtors by Jack Cooper (the "<u>New Bid</u>"). Accordingly, consistent with the Committee's Objection, the Auction should be

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion or the Objection (as each term is defined in this Motion), as applicable.

[3] As a result of testimony taken at the depositions, it is clear that there were serious failings in the Debtors' corporate governance in connection with the decision to approve the Requisite Lenders' Winning Bid, all of which will be addressed at the sale hearing.

2

reopened as quickly as possible for the Debtors to evaluate the New Bid and, if necessary, allow for additional bidding on terms contained in the Bid Procedures, or such other terms the Court deems appropriate.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought herein may be granted under 11 U.S.C. §§ 105, 363, 1107, and 1108.

## BACKGROUND

3.      On June 21, 2013, the Court entered the Bid Procedures Order (D.I. 1320), thereby approving the Bid Procedures, which were the product of extensive negotiations during the mediation process with Judge Drain. See Objection ¶ 6. In accordance with the Bid Procedures, the Auction commenced on August 14, 2013. At the conclusion of the Auction on August 15, 2013, the Debtors determined the Requisite Lenders' Winning Bid was the highest and best bid. See Objection ¶ 22; 8/15 Auction Transcript at 63. On August 16, 2013, the Debtors filed the Notice of Successful Bidder at Auction of Sale of Substantially All of Debtors' Assets (D.I. 1609), confirming that New Allied was the Successful Bidder pursuant to the Requisite Lenders' Winning Bid. On August 20, 2013, the Debtors filed the Notice of Transcript of Auction Held from August 14, 2013 through August 15, 2013 (D.I. 1616).

4.      On August 27, 2013, nearly two weeks after the conclusion of the Auction, the Debtors filed the Sale Documentation, at last providing in that package the terms of the Requisite Lenders' Winning Bid, including (i) a revised APA, (ii) the corporate structure of the Designated Purchasers and its new affiliates, (iii) an executed direction and designation

agreement, (iv) an executed Designated Purchasers Notice, (v) a series of new commitment letters (with term sheets) and (vi) term sheets for new service and lease agreements between the various entities (D.I. 1654). See Objection ¶¶ 22-26. On September 5, 2013, the Debtors filed revised Sale Documentation, including certain substantive changes to the Notice of Designated Purchasers and the term sheets for new service and lease agreements (D.I. 1753).

5.  The Committee filed its Objection to the sale pursuant to the Requisite Lenders' Winning Bid on September 4, 2013 (D.I. 1731). In addition to the Committee's Objection, the numerous parties filed objections (or joinders thereto) to the sale of the Assets pursuant to the Requisite Lenders' Winning Bid, including the following parties:

- General Motors Holdings LLC, General Motors LLC, and General Motors of Canada Limited (D.I. 1602),
- Navistar, Inc. (D.I. 1628),
- LSREF2 Clover Property 6, LLC (D.I. 1720),
- CAW-Canada (D.I. 1723),
- Jack Cooper Holdings Corp. (D.I. 1724),
- Teamsters National Automobile Transporters Industry Negotiating Committee ("TNATINC") (D.I. 1730),
- Central States Funds (joinder to the Committee's Objection) (D.I. 1735),
- Yucaipa (D.I. 1736),
- Central Pennsylvania Teamsters Pension Fund (joinder to objections of Central States Funds, the Committee and TNATINC) (D.I. 1754), and
- Trustees of the Canadian Auto Carriers & Logistics Pension Plan (joinder to the Objection of CAW-Canada) (D.I. 1761).

6.  On September 6, 2013, Jack Cooper submitted the New Bid to the Debtors and the Special Committee of the Debtors' board of directors that it was improving its last offer at the Auction for the purchase of substantially all of the Debtors' assets (the "Assets"). The

Committee, Yucaipa, TNATINC, Central States Funds, the Petitioning Creditors and several other parties in interest have also received notice of the New Bid.

7. In exchange for the Assets, Jack Cooper has offered to pay $135 million, comprised of $125 million in cash consideration and $10 million in new senior secured notes.[4] A side-by-side comparison of certain material terms of the Requisite Lenders' Winning Bid and the New Bid are set forth below:[5]

| Terms | Requisite Lenders' Winning Bid | Jack Cooper's New Bid |
|---|---|---|
| **Purchase Price** | $105 mm ($40.5 mm cash, $64.5 mm credit bid) | $135 mm ($125 mm cash, $10 mm notes or cash) |
| **CBA Condition** | <ul><li>Employment Offering Purchaser Entity who is employing employees covered under US or Canadian CBAs will execute and deliver the relevant CBAs to the employees</li><li>Condition to Debtors' obligations is execution (including ratification if necessary) of new CBAs</li><li>PC option for purchaser(s) to assume existing CBAs</li></ul> | None |
| **Liquidated Damages** | $5 mm cash +$15 mm in First Lien distribution forgiveness | Good faith deposit plus $10 mm (cash or notes) |
| **Backup Bid?** | No | No |
| **Deposit** | 10% of purchase price ($5 mm cash + First Lien distribution forgiveness) | $9.5 mm |
| **Corporate Structure** | <ul><li>New Allied (First Lien Lenders hold pro rata membership interests with Yucaipa holding non-voting interests)</li><li>New Allied owns OpCo</li><li>Axis/LeaseCo (membership interests distributed by subscription to 2nd lien facility where Yucaipa, if participating, would hold non-</li></ul> | Jack Cooper |

---

[4] Jack Cooper reserves the option to replace the notes with cash on or before the closing of the transaction.

[5] The chart is intended only as a summary of certain provisions of the two bids, is simply for illustrative purposes and does not purport to describe all of the features of the two bids. To the extent there are any inconsistencies, the actual terms of the bids govern. The Requisite Lenders' Winning Bids have been filed (D.I. 1654, 1753). The terms of the New Bid are summarized in the letter dated September 6, 2013 addressed to Debtors' counsel, attached hereto as **Exhibit A**, and certain other terms are described on the record of the Auction. See 8/15 Auction Transcript at 16-17, 26-27. As described in the letter, Jack Cooper also submitted to the Debtors the revised asset purchase agreement, a full and complete set of schedules and exhibits thereto and a financial commitment letter.

5

| Terms | Requisite Lenders' Winning Bid | Jack Cooper's New Bid |
|---|---|---|
| | voting interests), with separate New Axis and LeaseCo subsidiaries<br>• Foreign subsidiaries for each of OpCo, New Axis and LeaseCo<br>• MgmtCo | |
| **Adequate Assurance** | Describes purchasers generally, corporate and capital structure and includes summary financial information projecting aggressive growth | Provided in advance of Auction |
| **HSR Costs** | Purchaser to pay all of Debtors' HSR expenses | Jack Cooper to pay all Debtors' HSR expenses up to $3 million and will reimburse Debtors for all HSR expenses if Jack Cooper successful bidder |
| **WARN Liability** | Purchaser responsible for WARN liability and any liability under other applicable employment legislation | Jack Cooper responsible for WARN liability but not under other applicable employment legislation |

## RELIEF REQUESTED

8.  The Committee respectfully requests that the Court reopen the Auction so that the Debtors (in consultation with the Consultation Parties) can evaluate the New Bid, and, if necessary, allow for additional bidding on terms contained in the Bid Procedures, or such other terms the Court deems appropriate.

## BASIS FOR RELIEF

9.  The Debtors have a fiduciary obligation to maximize the value to their estates. See In re R.H. Macy & Co., 170 B.R. 69, 74 (Bankr. S.D.N.Y. 1994) (a debtor in possession has "an affirmative, overarching duty to reorganize and maximize estate assets for the benefit of ***all*** creditors," not just a select few.) (citing NLRB v. Bildisco & Bildisco, 465 U.S. 513, 527 (1984)) (emphasis added); In re Integrated Telecom Express, Inc., 384 F.3d 108 119 (3d Cir. 2004) (stating that "[t]he Supreme Court has identified two of the basic purposes of Chapter 11 as (1) 'preserving going concern' and (2) 'maximizing property available to satisfy creditors.'"); In re General Motors Corp., 407 B.R. 463, 493 (Bankr. S.D.N.Y. 2009) (stating that the court's interests were "focused on preserving and maximizing value, allowing suppliers to

survive, and helping keep their jobs"); In re Reliant Energy Channelview LP, 594 F.3d 200, 210 (3d Cir. 2010) ("debtors-in-possession have a fiduciary duty to maximize the value of the estate."); In re Mushroom Transp. Co., Inc., 382 F.3d 325, 339 (3d Cir. 2004) (stating that "in Chapter 11 cases where no trustee is appointed, 11 U.S.C. § 1107(a) provides that the debtor-in-possession, i.e., the debtor's management, enjoys the powers that would otherwise vest in the bankruptcy trustee.  Along with those powers, of course, comes the trustee's fiduciary duty to maximize the value of the bankruptcy estate.  The debtor-in-possession's fiduciary duty to maximize includes the duty to protect and conserve property in its possession for the benefit of creditors."); In re Food Barn Stores, Inc., 107 F.3d 558,564-65 (8th Cir. 1997) (stating that in evaluating a bankruptcy sale, "the court must also remain mindful of the ubiquitous desire of the unsecured creditors, and a primary objective of the Code, to enhance the value of the estate at hand.").

10. The New Bid appears to be a higher and better bid than the Requisite Lenders' Winning Bid because it constitutes a 22.2% increase over the purchase price offered in the Requisite Lenders' Winning Bid (i.e., $105 million comprising of approximately $40.5 million in cash and a $64.5 million credit bid).  In addition, as outlined in the Objection, since the New Bid is substantially the same as the prior Jack Cooper $100 Million Bid except that it now offers significantly greater purchase price consideration, it also appears not to suffer from the execution risks presented by the Requisite Lenders' Winning Bid with respect to (i) adequate assurance of future performance, (ii) union litigation and strike risk, and (iii) Yucaipa litigation risk.

11. Thus, the New Bid appears to represent the highest and best bid, both in terms of the purchase price and executability.  In order to fulfill their fiduciary obligation to

maximize value to their estates, the Debtors should consider (in consultation with the Consultation Parties) whether the New Bid is the highest and best offer.

12.     Moreover, as set forth in the Objection, the Requisite Lenders' Winning Bid and other Requisite Lender Bids were presented at the Auction in a vacuum, without any of the information necessary for the Debtors to make a proper assessment of the value of those bids. See Objection ¶¶ 33-42.  Since the Auction lacked fairness and transparency, it did not encourage "apples to apples" bidding, and ultimately discouraged Jack Cooper from submitting further bids at the Auction that could have enhanced the value of the Debtors' estates.

13.     As in this case, where a competing bidder has affirmatively presented a substantially higher and better offer, courts have held that reopening an auction is appropriate, especially when there were defects in the auction process.  See In re Financial News Network, Inc., 980 F.2d 165, 170 (2d Cir. 1992) (affirming the district court's ruling allowing the bankruptcy court to reopen the auction for a bid of $149.3 million, approximately 11.7% higher than the purchase price of original bid); Food Barn, 107 F.3d at 568 (affirming the decision to reopen bidding to consider and accept higher offers, placing substantial emphasis on what is in the best interest of the estate when deciding whether to reopen bidding in a properly conducted auction); Corporate Assets, Inc. v. Paloian, 368 F.3d 761, 762-63 (7th Cir. 2004) (affirming the bankruptcy court's approval of the debtors' decision to reopen bidding upon receiving a higher bid after the close of the auction and observing that "financial gain for the estate and its creditors might suffice as a basis for reopening the bidding without an additional showing that the initial bids were grossly inadequate or that the original bidding was tainted by fraud or some other irregularity"); In re E-Z Serve Convenience Stores, Inc., 289 B.R. 45, 54-55 (Bankr. M.D.N.C. 2003) (opting to approve a bid other than the original bid submitted to the bankruptcy court for

approval, because it was 20% higher than the original bid and was thus "the best offer available to the estate").

14. Accordingly, consistent with the Committee's Objection, the Auction should be reopened as quickly as possible for the Debtors to evaluate the New Bid, and, if necessary, allow for additional bidding on those terms contained in the Bid Procedures, or such other terms the Court deems appropriate. While the Committee believes the Auction was deficient for the reasons set forth in the Objection (and objections filed by other parties), the Committee believes that now, with the New Bid and substantial portions of the Requisite Lenders' Winning Bid available to be fully evaluated, the Auction can be reopened and conducted in a fair and open manner that would generate the most value for the estates.

## NOTICE

15. Notice of this Motion has been given to: (i) the Office of the United States Trustee, (ii) counsel to the Debtors, (iii) counsel to Yucaipa, (iv) counsel to the Petitioning Creditors, (v) counsel to Jack Cooper, (vi) counsel to the Special Committee of the Debtors' board of directors, and (vii) all parties that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Committee submits that, under the circumstances, no other or further notice is required.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto (i) reopening the Auction, and, if necessary, allow for additional bidding on the terms contained in the Bid Procedures or such other terms the Court deems appropriate, and (ii) granting such other further relief as is just and proper.

Dated: Wilmington, Delaware
September 6, 2013

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William A. Hazeltine*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
901 N. Market St., Suite 1300
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195

– and –

**SIDLEY AUSTIN LLP**
Michael G. Burke
Nicholas K. Lagemann
Dennis Kao
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Counsel for the Official Committee of Unsecured Creditors*