IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>**ALLIED SYSTEMS HOLDINGS, INC.,** *et al.,*[1]<br>Debtors. | Chapter 11<br>Case No. 12-11564 (CSS)<br>(Jointly Administered)<br>Re: Docket No. 1769 |

**DEBTORS' RESPONSE AND JOINDER TO MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO REOPEN THE AUCTION
RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

The above-captioned debtors and debtors-in-possession (the "**Debtors**"), by and through their undersigned counsel, hereby submit this response and joinder (the "**Response**") to the *Motion of the Official Committee of Unsecured Creditors* (the **"Creditors Committee"**) *to Reopen the Auction Relating to the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens Claims and Encumbrances* [Docket No. 1769] (the **"Motion"**). In support of this Response, the Debtors respectfully state as follows:

**RESPONSE AND JOINDER**

1.      As the Court is well aware, this been a difficult and contentious chapter 11 case and is now in its second year of existence. Throughout this time, the Debtors, their management, their professionals and the Special Committee of the Debtors' Board of Directors have done their best to move the case forward notwithstanding extreme litigation positions and tactics undertaken by other parties in interest, which have threatened the ongoing viability of the Debtors' business. Notwithstanding the allegations to the contrary, the Debtors have run (and

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (87568828); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is

continue to run) a full, fair and open sale process that was designed from the outset to maximize the value of the Debtors' estates. That goal – maximizing the value of the Debtor's estates for their stakeholders – continues to be the Debtors' overarching objective in these cases.

2. It was with that objective in mind that the Debtors selected as the Successful Bid the final bid submitted at the Auction – a bid from New Allied Acquisition Co. (**"NAAC"**) for $105 million. Notwithstanding allegations to the contrary, this bid was sufficiently documented and set forth on the record of the Auction (with each party being given an open ended period of time to question and/or clarify the terms of each such bid), and Jack Cooper Transport (**"JCT"**) was given a full and fair opportunity to submit a higher and better bid. For reasons only known to JCT, it chose not to increase its bid at that time. As a result, the final NAAC bid was determined to be the Successful Bid and the Auction was closed. This determination was based on a number of simple but compelling reasons, including, but not limited to, the following:

    a. The NAAC bid is $5 million higher than the final JCT bid.

    b. The NAAC bid provides for the assumption of the same prepetition liabilities of the Debtors' estates as JCT's bid, but importantly provides the Debtors' estates with greater protection regarding the possible incurrence of material administrative claims relating to WARN Act liability and similar liability in Canada.

    c. The NAAC bid is not contingent on modifications to the Debtors' current collective bargaining agreements, as the Designated Purchaser who offers employment to union employees is obligated under the Agreement to either assume the Debtor's current collective bargaining agreements, including all ancillary agreements, or enter into new collective bargaining agreements that are identical in substance and form to the Debtors' current collective bargaining agreements (leaving the unions in the same, or better, economic place they would be under a JCT transaction).

    d. The NAAC bid contains a $20 million liquidated damages provision compared to JCT's cap of $10 million.

2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

2

RLF1 9339780v.3

e. JCT's bid is not supported by the Debtors' prepetition lenders, who are undersecured and who are willing to credit bid more than JCT is willing to pay. As a result, the Debtors have a material risk of not being able to sell their assets to JCT free and clear of the Lenders' liens given their potential inability to satisfy section 363(f) of the Bankruptcy Code. A free and clear sale order is an obvious closing condition under the JCT bid.

f. Both the NAAC bid and the JCT bid contain similar rights to designate Affiliates or wholly-owned subsidiaries as Designated Purchasers at any time prior to Closing, although the NAAC bid is somewhat broader in that NAAC can also designate entities owned or designated by the First Lien Lenders. As a result, if JCT was chosen the Successful Bidder, it could also implement, if it wished, a post-closing corporate structure that is similar to NAAC's.

g. While NAAC has indicated that it is generally committed to acquiring the Debtor's Canadian assets and operations and maintaining employee and customer relations, JCT has indicated that it might not acquire the Debtors' Canadian assets and operations, other than certain hard assets including rigs.

h. Because JCT is a significant competitor of the Debtors, the JCT bid inherently poses greater execution risk than the NAAC bid over obtaining the necessary approvals for the sale under applicable antitrust laws.

3. Notwithstanding these indisputable facts, the Debtors have remained committed to maximizing the value of their assets and have encouraged and facilitated ongoing communications among the Petitioning Creditors (in their capacity as a bidder through NAAC, as the Debtors' DIP lenders and as the Requisite Lenders under the Debtors prepetition first lien credit agreement), JCT, the Creditors Committee, and Yucaipa regarding the possibility of JCT submitting an increased bid notwithstanding that the Auction had concluded. That revised bid was finally received on Friday, September 6 ("JCT's Revised Bid") – more than three weeks following the conclusion of the Auction, but prior to the commencement of the Sale Hearing. The headline purchase price under the JCT Revised Bid is $135 million – approximately 30% higher than the final bid of NAAC submitted at the Auction.

4. Following a comprehensive review of JCT's Revised Bid, communications with the Petitioning Creditors, the Creditors Committee, and Yucaipa regarding this bid, and consideration of the numerous objections that would be rendered moot as a result of reopening the Auction (and would thus reduce considerably the disputed issues before the Court at the upcoming Sale Hearing), at a meeting held on Saturday, September 7, the Special Committee of the Debtors' Board of Directors has determined that it would be in the best interests of the Debtors' estates and a proper exercise of their fiduciary duties to join with the Creditors' Committee in requesting that the Court authorize the Debtors' to reopen the Auction. The Debtors join in this request because the Bid Procedures Order likely prohibits the Debtors from unilaterally reopening the Auction after it was concluded and a Successful Bidder declared.

5. As a result of the Committee's Motion and the Debtors' decision to join in that Motion, and cognizant of the Court's ruling on the Creditors' Committee's motion to shorten time in connection with the Motion, the Debtors, as always, remain available at the Court's convenience should the Court wish to consider this matter in advance of Tuesday's scheduled Sale Hearing.  As noted above, a material benefit of reopening the Auction in advance of the Sale Hearing is the number of procedural objections that would be rendered moot by this action. By eliminating these disputes, the Court will be able to focus its time and attention determining the real issue before the Court – which bidder has submitted the highest and best bid for the Debtors' assets in accordance with section 363 of the Bankruptcy Code.  Also, a reopened Auction could conceivably result in a consensual sale supported by all of the Debtors' principal constituencies, thereby eliminating the need for a lengthy, contested Sale Hearing.  The Debtors fear that proceeding on Tuesday without first reopening the Auction will lead to many hours of Court time being spent adjudicating objections relating to the sale process and not the merits of the underlying bids themselves.

6. Should the Court authorize the reopening of the Auction, the Debtors would intend to hold the continued Auction at the offices of Richards, Layton & Finger, P.A. at 10 a.m. on Tuesday, September 10, 2013. Because JCT's Revised Bid is contingent upon the entry of a sale order approving such bid by September 13, we would ask that the Court reschedule the Sale Hearing at its convenience between September 11 and September 13.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the Motion and such other and further relief as the Court may deem just and proper.

Dated: September 8, 2013
      Wilmington, Delaware

                                                          /s/ Mark D. Collins
Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
Christopher M. Samis (No. 4909)
Marisa A. Terranova (No. 5396)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone No.:   (302) 651-7700
Facsimile No.:    (302) 651-7701
E-Mail:    collins@rlf.com
E-Mail:    stearn@rlf.com
E-Mail:    samis@rlf.com
E-mail:    terranova@rlf.com

-and-

Jeffrey W. Kelley (GA Bar No. 412296)
Michael E. Johnson (GA Bar No. 395039)
Ezra H. Cohen (GA Bar No. 173800)
Carolyn P. Richter (GA Bar No. 944751)
Matthew R. Brooks (GA Bar No. 378018)
Benjamin R. Carlsen (GA Bar No. 940614)
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308-2216
Telephone No.:   (404) 885-3000
Facsimile No.:    (404) 885-3900
E-Mail:    jeffrey.kelley@troutmansanders.com
E-Mail:    michael.johnson@troutmansanders.com
E-Mail    ezra.cohen@troutmansanders.com
E-Mail:    carolyn.richter@troutmansanders.com
E-Mail:    matthew.brooks@troutmansanders.com
E-Mail:    Benjamin.carlsen@troutmansanders.com

*Counsel for Debtors*