IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **ASHINC CORPORATION, et al.** [1] | ) | **Case No. 12-11564 (CSS)** |
| | ) | |
| | ) | **Jointly Administered** |
| **Debtors.** | ) | |
| | ) | Re: Docket Nos. 2941 & \_\_\_\_ |
| | ) | |

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) APPROVING VOTING AND TABULATION PROCEDURES, (III) SETTING CONFIRMATION HEARING AND RELATED DEADLINES AND (IV) GRANTING RELATED RELIEF

This matter coming before the Bankruptcy Court on the motion (the "**Motion**") of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order (i) approving the Disclosure Statement,[2] (ii) approving the Voting Procedures and the Tabulation Procedures, (iii) setting the Confirmation Hearing and related deadlines, and (iv) granting related relief; the Bankruptcy Court having reviewed the Motion and all pleadings related thereto, if any; the Bankruptcy Court finding that: (a) the Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and (c) notice of the Motion was adequate and in compliance with the Bankruptcy Rules and the Local Rules; and the Bankruptcy Court further finding and concluding that the

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58-0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90-0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion, or if not defined therein, in the Disclosure Statement.

RLF1 12245395v.1

Disclosure Statement sufficiently describes, among other things, the Debtors, the Chapter 11 Cases and the Plan, and that the Disclosure Statement therefore (i) allows holders of claims in the Voting Classes to make an informed judgment about the Plan and (ii) contains "adequate information" as that term is defined in Bankruptcy Code section 1125(a); and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Disclosure Statement is approved as containing adequate information pursuant to section 1125 of the Bankruptcy Code, and the Debtors are authorized to use this Disclosure Statement in connection with the solicitation of votes in respect of the Plan.

3. The Confirmation Hearing shall be held on September 9, 2015 at 9:30 a.m. (prevailing Eastern Time). The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Order or any continued hearing or as indicated on any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court. The deadline for the Plan Proponents to file an opening brief in support of confirmation shall be July 20, 2015 at 5:00 p.m. (prevailing Eastern Time). The deadline to file objections to the confirmation of the Plan shall be August 17, 2015 at 5:00 p.m. (prevailing Eastern Time).

4. The deadline to file a memorandum of law and/or an affidavit in support of confirmation of the Plan and, if necessary, a reply to any objection filed on or before the Plan Objection Deadline is no later than 5:00 p.m. (prevailing Eastern Time) on September 3, 2015.

5. The Confirmation Hearing Notice is hereby approved.

6. The Voting Procedures are hereby approved.

7. The Voting Record Date shall be the date that this Order is entered on the Court's docket. In addition, with respect to any transferred claim or interest in the Voting Classes, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred claim or interest only if all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Voting Record Date. In the event a claim is transferred after the transferor has completed a Ballot, the transferee of such claim shall also be bound by any vote made on the Ballot by the transferor.

8. The Voting Deadline shall be August 17, 2015 at 4:00 p.m. (prevailing Eastern Time).

9. The 3018 Motion Deadline shall be August 10, 2015 at 4:00 p.m. (prevailing Eastern Time). The 3018 Objection Deadline shall be August 17, 2015 at 4:00 p.m. (prevailing Eastern Time).

10. The Debtors shall serve the Solicitation Packages, including the Confirmation Hearing Notice and the Ballot, by regular U.S. Mail only on holders of claims in the Voting Classes.

11. The Debtors shall serve by regular U.S. Mail the Confirmation Hearing Notice and the Notice of Non-Voting Status, to all of the holders of claims in the Classes 1, 6 and 7 and holders of Unclassified Claims.

12. In accordance with Bankruptcy Rule 2002, the Debtors shall serve by regular U.S. Mail a copy of the Confirmation Hearing Notice on all persons or entities listed on the Creditor Matrix, all other persons requesting notices pursuant to Bankruptcy Rule 2002, the U.S. Trustee, and counter-parties to the Debtors' unexpired leases and executory contracts that have not yet

been assumed or rejected, <u>provided, however</u>, that such service shall only be made upon parties that have not received the Confirmation Hearing Notice pursuant to paragraphs 10 and 11 of this Order.

13. With the exception of any former employee that has filed a proof of claim in the Chapter 11 Cases, the Debtors are not required to (i) serve the Solicitation Package or the Confirmation Hearing Notice on its former employees or (ii) solicit votes in respect of the Plan from its former employees.

14. The Balloting Agent is directed to maintain the Website where all holders of claims and interests can access copies of the Disclosure Statement, the Plan and this Order. Counsel for the Debtors shall provide copies of the Disclosure Statement, the Plan and this Order to any party requesting such copies.

15. Notice of the address of the Website shall be given to all holders of claims and interests and other parties in interest in the Confirmation Hearing Notice, the Notice of Non-Voting Status and the Ballot.

16. The forms of Ballot are hereby approved.

17. The following Tabulation Procedures are hereby approved:

   (a) Unless otherwise provided in these Tabulation Procedures, a claim will be deemed temporarily allowed for voting purposes only in an amount equal to: (A) the amount of such claim as set forth in the Debtors' Schedules if no proof of claim has been timely filed in respect of such claim; (B) if a proof of claim has been timely filed in respect of such claim to which the Debtors (or other party in interest) has not objected, the amount set forth in such proof of claim; or (C) the amount of such claim as set forth in any stipulation allowing such claim or settlement agreement resolving disputes related to such claim filed with the Bankruptcy Court prior to the Voting Deadline, whether or not such stipulation or agreement has been approved by the Bankruptcy Court as of the Voting Deadline.

   (b) If a claim for which no proof of claim has been timely filed is listed in the Schedules, but is listed as contingent, unliquidated or disputed, either in whole or in part, or if no claim amount is specified, such claim shall be

- disallowed for voting purposes unless a stipulation allowing such claim or settlement agreement resolving disputes related to such claim has been filed, as set forth above; provided, however, that any undisputed portion, if any, of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

(c) If a claim for which a proof of claim has been timely filed has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, is marked or otherwise referenced on its face as contingent, unliquidated or disputed, either in whole or in part, or if no claim amount is specified on such proof of claim, such claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such claim may or may not be set forth in the Schedules; provided, however, that any undisputed portion, if any, of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

(d) When serving the Solicitation Packages, the Balloting Agent will include individualized Ballots for the holders of claims in Classes 2, 3, 4 and 5 that will identify the amount of the claim held by such holder pursuant to paragraph 20(a) of the Motion. If a holder of a claim identifies a claim amount in its Ballot that is different than the amount listed in its individualized Ballot, the claim will be temporarily allowed for voting purposes in the lesser of the amount identified on the original individualized Ballot and the modified Ballot, subject to the other Tabulation Procedures.

(e) Creditors will not be entitled to vote claims to the extent such claims have been superseded and/or amended by other claims filed by or on behalf of such creditors.

(f) The voter must complete each section of the Ballot, including, without limitation, certifying the amount of its claim, voting to accept or reject the Plan, completing the requested identification information, and signing and dating the Ballot. If the party executing the Ballot is signing as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, he or she must indicate such capacity when signing and, if required or requested by the Balloting Agent, the Debtors, or the Bankruptcy Court, must submit evidence satisfactory to the requesting party to so act on behalf of the holder of the claim.

(g) Ballots received after the Voting Deadline will not be counted. The voter may choose the method of delivery of its Ballot to the Balloting Agent at its own risk. Delivery of the Ballot will be deemed made only when the original properly executed Ballot is actually received by the Balloting Agent. Ballots delivered by facsimile transmission, electronic mail, or any other means, however, will **not** be counted.

5

RLF1 12245395v.1

(h) The voter must vote all of its claims in the same Voting Class either to accept or reject the Plan. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. To the extent possible, the Debtors shall mail each claimant holding a claim in the Voting Classes a single Ballot on account of the claims held by such claimant in such Voting Class.

(i) If a claimant holds more than one claim in a Voting Class against the Debtors based upon different transactions, such claimant shall be entitled to one vote for numerosity purposes in the aggregate dollar amount of all of said claims; to the extent possible, the Debtors shall mail each claimant in such Voting Class a single Ballot on behalf of all claims held by such claimant in that Voting Class.

(j) If multiple Ballots are received from the same voter with respect to the same claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect such voter's intent and will supersede and revoke any prior Ballot received.

(k) Delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the voting report filed with this Court by the Balloting Agent. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification to the voting entity of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

(l) In addition, the following Ballots will not be counted in determining the acceptance or rejection of the Plan:

    (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder;

    (ii) any Ballot that (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, and/or (c) partially accepts and partially rejects the Plan;

    (iii) any Ballot cast by a person who does not hold, or represent a person that holds, a claim in the Voting Class;

    (iv) any Ballot cast for a claim: (a) scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed, or (b) on account of which a proof of claim was filed and that is the subject of an objection or adversary proceeding, <u>provided that</u>, if any such claim is temporarily allowed for voting purposes by Order of this Court, such claim will be counted in the amount set forth in such Order;

    (v) any Ballot sent to a person other than the Balloting Agent; and

    (vi) any Ballot not bearing an original signature.

18. The terms of this Order shall be effective immediately upon its entry.

19. This Court shall retain jurisdiction to enforce the terms of this Order and any disputes arising hereunder.

Dated: July 8, 2015

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE