# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC Corporation, *et al.*[1], | Case No. 12-11564 (CSS) (Jointly Administered) |
| Debtors. | Related to D.I. 4086 and 4183 |

### ORDER GRANTING MOTION OF THE CHAPTER 11 TRUSTEE FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING THE TAKING OF DOCUMENT DISCOVERY AND DEPOSITION TESTIMONY FROM YUCAIPA

Upon the motion of Catherine E. Youngman, as Litigation Trustee and Plan Administrator (the "Trustee") for the litigation trust (the "Litigation Trust") established for Ashinc Corporation et al. ("Ashinc") for entry of an order, pursuant to Sections 105(a) and 542(e) of Title 11 of the United State Bankruptcy Code ("Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 2004-1 of the local rules for the United States Bankruptcy Court for the District of Delaware ("Local Rules"): (i) directing Yucaipa American Alliance Fund, L.P. and Yucaipa American Alliance (Parallel) Fund I, LP (together, "YAAF 1") to produce certain documents to the Trustee, as set forth on Schedule A hereto; and (ii) authorizing the Trustee to conduct an examination of YAAF 1's custodians of records (12-11564, D.I. 4086) (the "Motion"); and it appearing that this Court has jurisdiction over this matter

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58-0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90-0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

pursuant to 28 U.S.C. §§157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and it appearing that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief and that the relief requested pursuant to the Motion is in the best interests of the Litigation Trust, creditors and all parties-in-interest;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is hereby GRANTED.

2. YAAF 1 is hereby directed to produce its books, records and documents responsive to the Document Requests set forth on Schedule A hereto.

3. The production required by Paragraph 2 hereof shall be made on a rolling basis beginning no later than seven (7) business days after the date hereof, and shall be completed no later than fifteen (15) business days after the date hereof.  Such production should be made at the offices of Fox Rothschild, LLP, 49 Market Street, Morristown, NJ  07960, Attn: Catherine E. Youngman, or at such other time or place as the parties may mutually agree.

4. The Trustee is authorized to conduct examinations of YAAF 1's custodians of records at the offices of Glaser Weil, 10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067, or at such other place as the parties may mutually agree. The examinations will be held on the earliest date and time that is practicable to the parties. Such examinations are to be continued day to day until completed.

5. The Trustee fully reserves her right to seek further information from YAAF 1 and their current and former employees, or to depose any individual in connection with the Motion or the matters referred to therein, subject to the rights of YAAF 1 to object to same.

6. The documents to be produced pursuant to this Order shall be subject to the terms of the Agreed Protective Order in Adv. Proc. No. 13-50530 (D.I. 86) and the Supplemental Protective Order (Adv. Proc. No. 13-50530) (D.I. 251); _provided_, _however_, that (1) the Trustee may use any material designated "Confidential" or "Professionals Only" to further efforts to recover damages awarded in connection with Adv. Proc. No. 13-50530 and Adv. Proc. No.14-50971 (the "Adversary Proceedings"), including any plenary action, and _not_ solely and exclusively in connection with preparation and trial of the Adversary Proceedings or for use in this bankruptcy action, and (2) material designated "Confidential" or "Professionals Only" pursuant to this Order does not need to be destroyed or returned following final conclusion of the Adversary Proceedings, but rather shall be returned or destroyed within 30 calendar days following final conclusion of this bankruptcy.

7. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: July 8th, 2021
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE