

Citizens Bank Center
919 N. Market Street
Suite 300
Wilmington, DE 19899-2323
Tel (302) 654-7444  Fax (302) 656-8920
www.foxrothschild.com

SETH A. NIEDERMAN
Direct No:  302.622.4238
Email: SNiederman@FoxRothschild.com

**BY ELECTRONIC MAIL AND ECF**

April 28, 2022

Re:    *In re:  ASHINC Corporation, et al.*, **Case No. 12-11564 (CSS)**
       **Adv. Proc. No. 13-50530 (CSS) and Adv. Proc. No. 14-50971 (CSS)**

Dear Judge Sontchi:

        We write on behalf of the Trustee to provide an update with respect to collection efforts undertaken in connection with the Judgment issued on June 23, 2021.[1]  In light of recent developments, we also write to respectfully ask the Court to direct supplemental discovery in furtherance of the Court's Order granting the Trustee's Rule 2004 Motion dated July 8, 2021 (the "**Rule 2004 Order**"),[2] and discovery requests served by the Trustee pursuant to Rule 2004 and Rule 7069 shortly after the issuance of the Rule 2004 Order.[3]

---

[1]        13-50530, D.I. 841, 14-50971, D.I. 597 (the "**Judgment**") (awarding damages in the amount of $132,431,957 (inclusive of pre-judgment interest), plus post-judgment interest on Estate Claim 5 (Breach of Contract), and Estate Claims 10, 11, and 13 (Fraudulent Transfers and Disallowance of Claims) against Yucaipa American Alliance Fund I and Yucaipa American Alliance (Parallel) Fund I, L.P. (together "**Yucaipa**")).

[2]        12-11564, D.I. 4184 (Order Granting Trustee's Rule 2004 Motion).  Your Honor expressly retained "jurisdiction over any all issues arising from or related to implantation or interpretation of the Order."  (*Id.* at ¶ 7).

[3]        The discovery requests ("**Requests**") are attached as **Exhibit A** to this letter for the Court's convenience.  The Requests expressly provide that they are "continuing in nature" and that Yucaipa is "required to provide such additional information [it or its agents] may have or may obtain at any time between the time responses are provided and collection of the Judgment in full." *See* Ex. A p. 3 at ¶4 (Interrogatory Instructions), p. 5-6 at ¶11 (Document Request Instructions).

133569642.1

Following entry of the Rule 2004 Order, Yucaipa provided discovery responses identifying, among other things, four bank accounts located in Los Angeles, California (the "**Yucaipa Accounts**").  On August 10, 2021, the Trustee moved to permit registration of the Judgment as an initial step towards levying the Yucaipa Accounts and any other assets thereafter identified.[4]  In opposing the Trustee's Motion to Register the Judgment, Yucaipa acknowledged that it had "four California bank accounts holding approximately $7.8 million" and represented that "<u>Yucaipa has, of its own volition, stopped using these accounts to pay other debts, including the attorneys' fees and costs it must incur to defend the actions brought by the Trustee</u>."[5]

On September 16, 2021, Your Honor granted the Motion to Register the Judgment,[6] and the Trustee began the process to domesticate the Judgment and levy the Yucaipa Accounts.  In light of lengthy delays that we understand are largely attributable to the COVID-19 pandemic and understaffing, the U.S. Marshals Service did not levy the Yucaipa Accounts until last month, and the account balance information was only recently provided to the Trustee.  The balance reflected on the U.S. Marshals report — approximately $3.3 million — reveals the Yucaipa has further dissipated approximately $4.5 million in assets notwithstanding its earlier representation.[7]  As such, the Trustee requires Yucaipa's discovery responses to be supplemented in order to ascertain where these funds went.  The Trustee and her counsel attempted to meet and confer with Yucaipa to this end, but Yucaipa has taken the position that it has no duty to supplement its responses to address where the new transfers went.  The Trustee disagrees.[8]

---

[4]     13-50530, D.I. 873, 14-50971, D.I. 611 (the "**Motion to Register the Judgment**").

[5]     13-50530, D.I. 874 at 5; 14-50971, D.I 612 at 5.

[6]     13-50530, D.I. 883; 14-50971, D.I. 619.

[7]     A copy of the Memorandum of Garnishee reflecting the Yucaipa Accounts balance of $3,324,787.66 is attached as **Exhibit B**.  The Trustee anticipates receipt of these funds — amounting to collection of less than 3% of the Judgment — in the near future.

[8]     The Federal Rules — as made applicable by Bankruptcy Rule 7069 — require Yucaipa to supplement its responses.  *See* FED. R. CIV. P. 69(a)(2) (judgment creditor may obtain discovery in aid of execution "***as provided in these rules***…"); FED. R. CIV. P. 26(e) (requiring a party to supplement its discovery responses "(A) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect… or (B) as ordered by the Court"); *see also, e.g.*, *SAS Inst., Inc. v. World Programming Ltd.*, 2018 WL 1144585, at *5 (E.D.N.C. Mar. 2, 2018) (duty to supplement applies to discovery in aid of execution as "plaintiff must be kept apprised of updated information to aid in its execution efforts"); *Am. Home Assurance Co. v. RAP Trucking Inc.*, 2010 WL 11505189, at *2 (S.D. Fla. June 3, 2010) (judgment debtor reminded "of its ongoing obligation to supplement its discovery responses" to requests under Rule 69(a)(2)).  Even assuming Yucaipa was not required to supplement its responses (it is), this Court has broad authority to order the discovery requested here.  *See, e.g.*, *In re Millennium Lab Holdings*

Additionally, during the third day of trial on the remaining claims, Mr. Burkle testified that Yucaipa had to return its carried interest as a result of the Judgment because "it took the whole fund under the eight percent return" and, therefore, "we had to pay about $80 million of carry of profit we had made on other investments because the losses here, the way the Court has ruled . . . I had to write the $80 million or so back to the fund[.]" (3/3 Trial Tr. 70:7-13 (Burkle/Direct)). The Trustee has received no accounting of any $80 million which is clearly material to the Trustee's collection efforts and encompassed in the discovery Requests.[9]  Yucaipa's response during the meet and confer process was effectively that Mr. Burkle did not mean what he said, and that he was only referring to adverse rulings ensuring that Yucaipa would not have received carried interest.  This makes little sense in light of the testimony regarding a specific figure, and Mr. Burkle's testimony that he "had to write" that $80 million amount "back to the fund."

In light of these developments, the Trustee respectfully requests that the Court order Yucaipa to:

1. Supplement responses in connection with the Rule 2004 Order and the Trustee's Rules 2004 and 7069 requests by: (i) providing dates, amounts, and the names of recipients for any and all transfers of any Assets (as defined in the Requests) by Yucaipa since its document production on July 19, 2021, (ii) producing bank statements for the Yucaipa Accounts from the last production through present, and (iii) providing an updated accounting for the value of cash and other assets presently held by Yucaipa and the General Partner.

---

*II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) ("[T]he scope of Rule 2004 is broad and unfettered[.]"); *In re Washington Mut. Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) (legitimate goals of Rule 2004 discovery include "discovering assets, examining transactions, and determining whether wrongdoing has occurred."). The Trustee respectfully requests the Court order the discovery on this basis in the alternative.

[9]     Among other things, any monies returned to Yucaipa's General Partner — Yucaipa American Fund LLC (the "**General Partner**") — are directly relevant to the Trustee's collection efforts given that a general partner of a limited partnership is personally liable for the debts of the limited partnership.  *See, e.g.*, *In re LJM2 Co-Investment, L.P.*, 866 A.2d 762, 772 (Del. Ch. 2004) ("The basic premise of limited partnership law is that general partners are personally liable for partnership obligations…"); *see also* 6 Del. C. § 17-403(b) ("[A] general partner of a limited partnership has the liabilities of a partner in a partnership that is governed by the Delaware Uniform Partnership Law."). Yucaipa's accounting of the General Partner's account in response to the Requests reflected *de minimis* funds, but the response has never been supplemented.

2. Provide an accounting of the approximately $80 million referred to in Mr. Burkle's direct testimony at trial. (3/3 Trial Tr. 70:7-13 (Burkle/Direct)).

3. Produce Yucaipa's CFO — or another individual most knowledgeable about the foregoing transfers and accounting — within 30 days for a deposition (via Zoom), or another date/time mutually agreeable by the parties.

As noted, the Trustee and her counsel have already met and conferred with Yucaipa's counsel on these matters, and Yucaipa has taken the position that it has no duty to supplement or provide any further information at this time.[10]  The Trustee respectfully submits that given Your Honor's broad authority under Rule 2004, and the supplementation requirements under the Federal Rules, it would be a waste of time to engage in protracted motion practice over these points.

We are available at the Court's convenience should Your Honor have any questions.

Respectfully,

*/s/ Seth A. Niederman*
Seth A. Niederman
DE Bar No. 4588

cc: (via email)
    Patricia L. Glaser, Esq.
    Gali Grant, Esq.
    Matthew P. Bernstein, Esq.
    Laura David Jones, Esq.
    David M. Bertnthal, Esq.
    Peter J. Keane, Esq.

---

[10]    A copy of Yucaipa's counsel's correspondence on this point is attached as **Exhibit C**.

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*[1],<br><br>                Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS,<br><br>        Plaintiff,<br><br>BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>        Intervenors,<br><br>        v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>        Defendants. | Adv. Proc. No. 13-50530 |

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58-0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90-0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent, | Adv. Pro. No. 14-50971 (CSS) |

Plaintiff,

v.

YUCAIPA AMERICAN ALLIANCE FUND I, L.P., YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.

Defendants.

## THE TRUSTEE'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO YUCAIPA AMERICAN ALLIANCE FUND I, L.P.  AND YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P. PURSUANT TO RULES 2004 AND 7069 OF THE FEDERAL RULES OF BANKRUPCY PROCEDURE

Catherine E. Youngman, as Litigation Trustee for ASHINC Corporation and related debtors and a Judgment-Debtor following the Judgment in the above-captioned Adversary Proceedings (the "**Trustee**"), by and through the undersigned counsel, hereby requests, pursuant to (1) Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 2004, (2) Rule 2004-1 of the local rules for the United States Bankruptcy Court for the District of Delaware, and (3) Federal Rule of Civil Procedure 69, as incorporated by Bankruptcy Rule 7069, responses to the following interrogatory requests (the "**Interrogatory Requests**") and document requests (the "**Document Requests**").

### Instructions for Interrogatory Requests

1.      Answer each Interrogatory in its entirety.

2

2.      Your answer to each Interrogatory should include all knowledge within your custody, possession or control.  In answering the Interrogatory Requests, You are requested to furnish all information available to You or Your attorneys, agents, investigators, representatives, or anyone acting in cooperation or in concert with You.  Where facts set forth in Your answers or portions are supplied upon information and belief rather than actual knowledge, so indicate that and specifically describe or identify the source or sources of information and belief.  If You cannot answer the Interrogatory Request in full after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying Your inability to answer the remainder and stating any information or knowledge You have concerning the unanswered portion.

3.      If You object to any portion or aspect of an Interrogatory Request, answer the remainder.  If You do not answer any Interrogatory Request because of a claim of privilege, state the privilege claimed and the facts upon which You rely to support the claim of privilege.

4.      These Interrogatory Requests are continuing in nature, and You are required to provide such additional information as You, Your attorneys, or anyone acting on Your behalf or in concert with You may have or may obtain at any time between now and collection of the Judgment in full.

5.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatory Requests any matters which might otherwise be construed to be outside their scope.

6.      The terms "any," "all," and "each" shall each be construed as encompassing any and all.

7.      In construing any request, instruction, or definition in the Interrogatory Requests,

3

instructions, or definitions, the singular form of a word shall include the plural and the plural form of a word shall include the singular.

8.     The term "including" shall not be construed to limit the scope of any Interrogatory Request, definition, or instruction.

9.     Unless otherwise specified, the relevant time period for these Interrogatory Requests is the period commencing January 1, 2015 through present.

10.     Identify each document referred to or relied on in responding to an Interrogatory Request.

## Instructions for Document Requests

1.     Documents are to be produced in full and complete form, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

2.     Bates numbers shall appear on each page of every document, or in other reasonable manner for electronic documents produced in native format sufficient to identify the document by Bates number.

3.     Electronically stored information ("**ESI**") should be produced in electronic format with all metadata preserved, or in such other format as counsel may agree.  Native versions of produced documents should be maintained when an image format is not sufficient to provide an accurate representation of the document and should be provided upon request.

4.     ESI and e-mails produced pursuant to the Document Requests shall be produced in a searchable format with an accompanying index that states the following metadata: (1) date created/sent; (2) author; (3) recipients; (4) cc – copies; (5) bcc – blind copies; and (6) subject.

5.     Unless an agreement is otherwise reached, all ESI and "E-discovery" shall be

produced in accordance with DEL. BANKR. L.R. 7026-3.

6.    Each Document Request extends to all documents in Your possession, custody or control or anyone acting on Your behalf.

7.    For avoidance of doubt, these Document Requests do not require You to re-produce any documents previously produced to the Trustee on account of the Order granting the Trustee's Rule 2004 Motion in the Bankruptcy (12-11564, D.I. 4184).

8.    The documents to be produced pursuant to these Document Requests shall be subject to the terms of the Agreed Protective Order in Adv. Proc. No. 13-50530 (D.I. 86) and the Supplemental Protective Order (Adv. Proc. No. 13-50530) (D.I. 251); provided, however, that (1) the Trustee may use any material designated "Confidential" or "Professionals Only" to further efforts to collect the Judgment, including in any plenary action, and not solely and exclusively in connection with preparation and trial of the Adversary Proceedings or for use in the Bankruptcy, and (2) material designated "Confidential" or "Professionals Only" pursuant to this Order does not need to be destroyed or returned following final conclusion of the Adversary Proceedings, but rather shall be returned or destroyed within 30 calendar days following final conclusion of the Bankruptcy.

9.    Any response to the Document Requests shall set forth the Document Request in full before each response.  Separate responses shall be provided to each Document Request.  If, after a good faith search, you conclude that there have never been documents responsive to a particular Document Request, so state.

10.    Any reference to a person or corporation in the Document Requests includes agents, employees, officers, attorneys, or anyone acting on behalf of that person or corporation.

11.    The Document Requests are continuing in nature, and You are required to provide

such additional information as You, Your attorneys, or anyone acting on Your behalf or in concert with You may have or may obtain at any time between the time responses are provided and collection of the Judgment in full.

12.    The terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document Requests any matters which might otherwise be construed to be outside their scope.

13.    The terms "any," "all," and "each" shall each be construed as encompassing any and all.

14.    In construing any Document Request, instruction, or definition, the singular form of a word shall include the plural and the plural form of a word shall include the singular.

15.    The term "including" shall not be construed to limit the scope of any Document Request, instruction, or definition.

16.    Unless otherwise specified, the relevant time period for these Document Requests is the period commencing January 1, 2015 through present.

17.    If You object to any portion or aspect of a Document Request, respond to the remainder.

18.    If any Document Request called for is withheld in whole or in part because you claim that it is privileged, constitutes attorney work product, or is otherwise exempt from discovery, set forth the grounds for withholding such document, its present location/custodian, and additional information sufficient to identify the document and your reasons for withholding, including, but not limited to: the type of document, its date, author(s), recipient(s), general subject matter, the type of privilege asserted or reason for withholding, and the basis for asserting the privilege.

19.      If any document requested has been lost, discarded or destroyed, identify such documents as completely as possible, including: (i) the type of document; (ii) the date of the document; (iii) the date the document was lost, discarded or destroyed; (iv) the circumstances and manner in which it was lost, discarded, or destroyed; (v) the reason(s) for disposing of the document (if discarded or destroyed); (vi) the identity of all persons authorizing or having knowledge of the circumstances surrounding disposal of the document; (vii) the identity of person(s) who lost, discarded, or destroyed the document; and, (viii) the identity of all personal having knowledge of the contents thereof.

## **DEFINITIONS**

1.      "**Adversary Proceedings**" means the above-captioned adversary proceedings — bearing the adversary proceeding numbers 13-50530 and 14-50971 — which are being prosecuted by the Trustee in the United States Bankruptcy Court for the District of Delaware, including any appeals or petitions to appeal in connection therewith.

2.      "**Advisory Board Representatives**" has the meaning ascribed to it in the Third Amended LP Agreement.

3.      "**Allied Adversary Proceeding**" means the adversary proceeding in the United States Bankruptcy Court for the District of Delaware captioned *ASHINC Corporation v. AMMC VIII, Limited, et al.*, Adv. Proc. No. 12-50947, including any appeals or petitions to appeal in connection therewith.

4.      "**Assets**" means anything of value.

5.      "**Bankruptcy**" means the above-captioned Chapter 11 Case — No. 12-11564 — in the United States Bankruptcy Court for the District of Delaware.

6.      "**Capital Account**" has the meaning ascribed to it in the Third Amended LP

Agreement.

7.    "**Capital Commitment**" has the meaning ascribed to it in the Third Amended LP Agreement

8.    "**Capital Contribution**" has the meaning ascribed to it in the Third Amended LP Agreement.

9.    "**Creditor**" means any person or entity to whom You owe money or have incurred a liability including, without limitation, by way of any monetary judgments entered by arbitrator(s), courts, or other such tribunal.

10.    "**Communications**" means any transfer of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between persons, but includes all other transfers, including, but not limited to, electronic transfers, transfers of information via text messages and/or chat application (SMS, WhatsApp, Google Chat, etc.), transfers of information stored on computer disk or computer memory, and memoranda to files.

11.    "**Concerning**" means relating to, referring to, reflecting, describing, evidencing or constituting.

12.    "**Correspondence**" means documents or communications exchanged by any means between two or more persons.

13.    "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including relationship to other events, and designation of whether the date in the answer is the exact date or an approximate date.

14.    "**Describe**" means to state with particularity, including but not limited to, each date, fact, event, occurrence, to identify each document, and to identify each individual who can

8

testify as to such stated dates, facts, events, occurrences and documents.

15.     "**Document**" or "**documents**" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure and includes items written by hand, print, recorded, generated, or reproduced by any mechanical or electronic process, including but not limited to ESI.

16.     "**Drawdown Notice**" has the meaning ascribed to it in the Third Amended LP Agreement.

17.     "**Article 9 Reporting**" means all reporting to Partners described in Article 9 of the Third Amended LP Agreement.

18.     "**Georgia Action**" means the action previously pending in the Superior Court of Fulton County, State of Georgia, captioned *Allied Systems Holdings, Inc. et al. v. The CIT Group/Business Credit, Inc.*, No. 2009-CV-177574.

19.     "**General Partner**" has the meaning ascribed to in the Third Amended LP Agreement.

20.     "**GP Carry**" has the meaning ascribed to it in the Third Amened LP Agreement.

21.     "**Judgment**" means the Judgment entered on June 23, 2021 in the Adversary Proceedings (13-50530, D.I. 841; 14-50971, D.I. 579).

22.     "**New York Action**" means the action previously pending in the Supreme Court of the State of New York, County of New York, captioned *BDCM Opportunity Fund II, LP, et al. v. Yucaipa American Alliance Fund I, LP, et ano.*, No. 650150/2012, including any appeals or petitions to appeal in connection therewith.

23.     "**Organizational Expenses**" has the meaning ascribed to it in the Third Amended LP Agreement.

24.     "**Partner**" has the meaning ascribed to it in the Third Amended LP Agreement.

25.     "**Partnership Agreement**" means Your Limited Partnership Agreement as amended over time.

26.     "**Partnership Expenses**" has the meaning ascribed to it in the Third Amended LP Agreement.

27.     "**Person**" means any natural person or entity, including but not limited to, sole proprietorships, partnerships, corporations, associations, joint ventures or any other legally recognized entity.

28.     "**Remaining Capital Commitment**" has the meaning ascribed to it in the Third Amended LP Agreement.

29.     "**Third Amended LP Agreement**" means the Third Amended and Restated Limited Partnership Agreement of Yucaipa American Alliance Fund I, LP entered into as of March 4, 2005 (previously produced bearing bates numbers Yucaipa919299 through Yucaipa919394).

30.     "**You**" and "**Your**" and "**Partnership**" means Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, LP.

31.     "**Yucaipa Entities**" means Yucaipa American Alliance Fund I, L.P.; Yucaipa American Alliance (Parallel) Fund I, LP; Yucaipa American Alliance Fund I, LLC; Yucaipa American Funds LLC.; Yucaipa American Management LLC (collectively, the "**Yucaipa American Entities**"); and, any other entity directly or indirectly owned or controlled by Ron Burkle that has an equity ownership in any of the Yucaipa American Entities, together with each of their predecessors and successors in interest.

## INTERROGATORY REQUESTS

1.      Identify all bank accounts used directly or indirectly by each of the Yucaipa

Entities from January 1, 2015 through present (each an "**Account**" and collectively, the

"**Accounts**").

2.      For every Account identified in response to Interrogatory Request No. 1, identify:

      a.   The name and address of the bank or institution where the Account is or was

          held;

      b.   The dates during which the Account was being used;

      c.   The name of the beneficial owner of the Account;

      d.   The names of the owners, limited partner(s) and/or shareholder(s) for each

          entity in 2(c); and,

      e.   If still in existence, the amount of funds being held by each Account.

3.      List any Assets the Partnership and/or the General Partner holds including any

equity, real property, debt or other such Assets.

4.      For each Asset identified in response to Interrogatory No. 3, describe any

valuation(s) for the previous 6 years, including the valuation amount of each Asset, the effective

date of such value, and the method and source used to derive such value.

5.      Identify and describe all Assets the Partnership has distributed to its Partners

(whether in cash or in kind) or otherwise sold, spent, transferred, or alienated from January 1,

2015 to present.

6.      Identify all recipients of any Assets identified in response to Interrogatory No. 5,

including the date such recipient received the Assets, and the amount or value ascribed to such

Assets at the time of transfer, including, for the avoidance of doubt, any distributions directly or

indirectly to the Yucaipa Entities and Ron Burkle.

7.       Identify and describe all new investments the Partnership has made from January 1, 2015 to present.

8.       List any existing liabilities the Partnership has, including by (i) identifying and describing all of the Partnership's Creditors and the amount owed to each Creditor, and (ii) to the extent there is any distinction, all of the Partnership's currently outstanding Partnership Expenses and/or Organizational Expenses.

9.       For each existing or contingent liability identified in response to Interrogatory No. 8, describe any valuation for the previous 6 years including the valuation amount of each liability, the effective date of such value, and the method and source used to derive such value.

10.      Identify all of the Partnership's Partners from inception through present.

11.      For each Partner identified in response to Interrogatory Request No. 10, identify the date and amount of any Capital Commitment the Partner made to the Partnership.

12.      For each Partner identified in response to Interrogatory Request No. 10, identify the date and amount of any Capital Contribution the Partner made to the Partnership.

13.      For each Partner identified in response to Interrogatory Request No. 10, identify (i) the current Remaining Capital Commitment of such Partner and (ii) the Remaining Capital Commitment of such Partner as of the end of each of calendar years 2015 through 2020.

14.      Identify and describe any GP Carry that was received, directly or indirectly, from the Partnership in connection with any Partnership investment and, if any such GP Carry was received, identify the recipient of such GP Carry, the amount received, the date received, and the investment to which it relates.

15.      Identify whether the Yucaipa Entities have made or owe any clawback payments

12

to the Partnership pursuant to Sections 13.2(b) or (c) of the Third Amended LP Agreement (or

the equivalent provision of a Partnership Agreement now in effect) and, if so, provide the

amount paid or owed, date paid or reserved, and the investment to which it relates.

## REQUESTS FOR PRODUCTION

1.      Documents concerning Assets the Partnership has distributed to Partners (whether

in cash or in kind) or otherwise sold, spent, transferred or alienated as identified in response to

Interrogatory Request No. 5.

2.      Documents sufficient to show the corporate structure of entities above and below

the Partnership, including documents sufficient to show any changes to the corporate structure

from the Partnership's inception through present.

3.      Copies of the formation documents for the Yucaipa Entities, including all

amendments or restatements thereto.

4.      Copies of governing agreements for the Yucaipa Entities, including all

amendments or restatements thereto.

5.      A copy of tax returns and other tax filings in the form filed with the respective

taxing authorities by the Partnership and the General Partner whether on its own behalf or on

behalf of any Partners.

6.      Documents and communications concerning the valuation of investments held by

the Partnership including any (i) internal valuation memoranda and/or models used to device

such values; (ii) Article 9 Reporting provided to the Partners; (iii) Distribution Notices to

Partners; (iv) Drawdown Notices to Partners; (v) Capital Account statements; (vi) Capital

Contribution notices to Partners.

7.      Communications with the Partners regarding the Partnership's investment in

Allied, including all communications concerning the Georgia Action, the New York Action, the Bankruptcy, the Allied Adversary Proceedings, and the Adversary Proceedings, from November 1, 2009 through present.

8.      Communications with the Partnership's accountants regarding its investment in Allied, including all communications concerning the Georgia Action, the New York Action, the Bankruptcy, the Allied Adversary Proceedings, and the Adversary Proceedings for the time period from November 1, 2009 through present.

9.      Documents or communications in connection with meetings with Partners regarding the Partnership's financial performance and the valuation of any of its Assets or liabilities, including any documents prepared for the Advisory Board Representatives.

10.     Bank account statements for the Accounts identified in response to Interrogatory Request No. 1.

11.     A copy of any credit or loan application by the Partnership including any document submitted in support of such application by the Partnership.

12.     A copy of the books and records described at Article 8.2 of the Third Amended LP Agreement.

13.     A copy of any "side letter or similar agreement" the General Partner or Partnership entered with any Partner as contemplated in Article 16.11 of the Third Amended LP Agreement.

Dated: July 9, 2021

### FOX ROTHSCHILD LLP

By:     _/s/ Seth A. Niederman_
        Seth A. Niederman (DE Bar No. 4588)
        Citizens Bank Center
        919 N. Market Street, Suite 300
        Wilmington, DE 19801
        Tel.: (302) 654-7444
        Fax: (302) 656-8920
        sniederman@foxrothschild.com

        -and-

        **JOSEPH HAGE AARONSON LLC**
        Gregory P. Joseph
        Douglas J. Pepe
        Gila S. Singer
        485 Lexington Avenue, 30th Floor
        New York, NY 10017
        Telephone: (212) 407-1200
        gjoseph@jhany.com

        -and-

        **ZAIGER LLC**
        Jeffrey H. Zaiger
        Judd A. Lindenfeld (_pro hac vice forthcoming_)
        2187 Atlantic Street, 9th Floor
        Stamford, CT 06902
        Telephone: (917) 572-7701
        jzaiger@zaigerllc.com

        _Counsel for the Litigation Trustee and Plan Administrator_

# EXHIBIT B

AT-167/EJ-152

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Nicholas A. Koffroth (SBN 287854) / Matthew Follett (SBN 325481)<br>Fox Rothschild LLP<br>10250 Constellation Blvd., Suite 900, Los Angeles CA 90067<br>TELEPHONE NO.: 310-598-4150   FAX NO.: 310-556-9828<br>E-MAIL ADDRESS: nkoffroth@foxrothschild.com / mfollett@foxrothschild.com<br>ATTORNEY FOR *(Name)*: Catherine E. Youngman, as Litigation Trustee for ASHINC Corp, | LEVYING OFFICER *(Name and Address)*:<br><br>**U.S. MARSHAL**<br>350 W. 1st Street<br>Suite 3001<br>Los Angeles, CA 90012 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES US District court C/CA
STREET ADDRESS: 111 N Hill St,
MAILING ADDRESS: SAME
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanely Mosk

| PLAINTIFF/PETITIONER: Catherine E. Youngman, as Litigation Trustee for ASHINC, et. al. | LEVYING OFFICER FILE NO.: |
|---|---|
| DEFENDANT/RESPONDENT: Yucaipa American Alliance Fund I, L.P., et. al. | |

| **MEMORANDUM OF GARNISHEE**<br>(Attachment–Enforcement of Judgment) | COURT CASE NO.:<br>CV22-1218-PSG |
|---|---|

| **NOTICE TO PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incurred in obtaining the required information.**<br>**— RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER —** | **This memorandum does *not* apply to garnishment of earnings.**<br><br>$3,324,787.66<br><br>REC'D USMS C/CA - CIVIL<br>MAR 2 '22 AM11:11 |
|---|---|

1. a. Garnishee *(name)*: MUFG Union Bank, N.A.
   b. Address: 445 South Figueroa Street, Suite 201
   Los Angeles, CA 90071

2. Judgment Creditor *(name)*: Catherine E. Youngman, as Litigation Trustee for ASHINC Corporation, et. al.

3. ☐ *(Check if applicable.)* The garnishee holds neither any property nor any obligations in favor of the judgment debtor.

4. If you will not deliver to the levying officer any property levied upon, describe the property and the reason for not delivering it:

REC'D USMS C/CA - CIVIL
MAR 21 '22 PM12:00

5. **For writ of execution only.** Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

*(Continued on reverse)*

Page 1 of 2

**MEMORANDUM OF GARNISHEE**
**(Attachment–Enforcement of Judgment)**

Code Civ. Proc., §§ 488.610,
701.030

AT-167/EJ-152

| SHORT TITLE: | LEVYING OFFICER FILE NO.: | CASE NUMBER: |
|---|---|---|
| Youngman et. al, v. Yucaipa American Alliance Fund I | | CV22-1218-PSG |

6. If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and the terms of the obligation and the reason for not paying it to the levying officer:

7. Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

8. **For writ of execution only.** Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

9. Describe any claims and rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

**DECLARATION OF GARNISHEE**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 3/17/22

_Victorra Rodriguez_
(TYPE OR PRINT NAME)

▶ _Victoria Rodriguez_
(SIGNATURE)

If you need more space to provide the information required by this memorandum, you may attach additional pages.

☐ Total number of pages attached:

# EXHIBIT C

| | |
|---|---|
| **From:** | Laura Davis Jones <ljones@pszjlaw.com> |
| **Sent:** | Monday, April 18, 2022 11:37 PM |
| **To:** | 'Niederman, Seth A.'; Jeffrey H. Zaiger |
| **Cc:** | 'Craig Marcus'; Patricia Glaser; Gali Grant; David Bertenthal; Gabriel I. Glazer; Maxim Litvak; Peter J. Keane |
| **Subject:** | ASHINC Litigation Trust/Yucaipa: Letter to Yucaipa's Counsel |
| **Attachments:** | Letter to Yucaipa Counsel Re Supplementing Rule 2004 and 7069 Responses-....pdf |

Hi Jeff and Seth.

We reviewed the information you sent.  As an initial matter, Yucaipa has no ongoing obligations under the Rule 2004 Order.  That order was entered over nine months ago and required YAAF 1 to provide, within weeks, certain information in YAAF 1's possession at the time concerning distributions
made to its partners.  Yucaipa fully complied with the order.  The Rule 2004 Order does not require Yucaipa to provide updated information to the Trustee indefinitely, whenever the Trustee demands.

Moreover, there is nothing to supplement.  Pursuant to its Rule 2004 motion, the Trustee sought information concerning distributions made by YAAF 1 to its partners since December 1, 2016.  Yucaipa provided all such information to the Trustee many months ago.  No other distributions have been made by YAAF 1 to its partners to date.

The Rule 2004 Order also does not entitle the Trustee to information regarding ordinary course payments made by YAAF 1.  Evidence of such payments never fell within the scope of the Rule 2004 Order.  Nor was YAAF 1 restricted in any way from making such payments from its bank accounts over the last nine months.  While Yucaipa offered to freeze its accounts in exchange for a stay pending appeal, the Trustee rejected that offer.  Yucaipa's representation that it had voluntarily stopped using its accounts at the time it filed its opposition to the Trustee's motion to register the judgment was true in August 2021, when it filed that opposition.  But Yucaipa never agreed to stop using its accounts indefinitely.

Finally, your statement that "Mr. Burkle testified that Yucaipa had to return its carried interest as a result of the Judgment," mischaracterizes Mr. Burkle's testimony, which is excerpted below:

> 3 . . . . And then the reason we didn't get an override or a carry
> 4 is because we lost money here and because of the judgments that
> 5 have come out, we lost so much money that we lost the carry on
> 6 everything in the fund.
> 7 So not only did we lose the investment, but we had to
> 8 pay about $80 million of carry of profit we had made on other
> 9 investments because the losses here, the way the Court has
> 10 ruled, the losses here are so large that it took the whole fund
> 11 under the eight percent return and so I had to write the $80
> 12 million or so back to the fund that we had. So we received
> 13 nothing.

Mr. Burkle did not testify that he made any transfers following, or as a result of, the entry of the Court's June 23, 2021 Judgment.  Instead, he made reference generally to the prior rulings (*e.g.*, the multiple adverse rulings regarding the Fourth Amendment, the 363 sale order, etc.), which ensured that Yucaipa's investment in Allied would not generate a profit.  As we have discussed, the Trustee has already received all evidence of distributions to partners under the Rule 2004 Order, and no other distributions have been made since.

We sincerely hope that this resolves your concerns.

Best –

Laura


**Laura Davis Jones**
Pachulski Stang Ziehl & Jones LLP
Tel: 302.778.6401 | Cell: 302.547.3132 | Fax: 302.652.4400
ljones@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Niederman, Seth A. [mailto:SNiederman@foxrothschild.com]
**Sent:** Monday, April 18, 2022 1:50 PM
**To:** Laura Davis Jones <ljones@pszjlaw.com>; Craig Marcus <cmarcus@glaserweil.com>
**Cc:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>; Youngman, Catherine E. <cyoungman@foxrothschild.com>
**Subject:** RE: ASHINC Litigation Trust/Yucaipa: Letter to Yucaipa's Counsel



Laura and Craig,

It has been a week since we spoke on these issues.  Can you confirm whether or not Yucaipa will agree to the three requests in Jeff's letter sent on April 6 (attached hereto)?

Thanks,

Seth


**Seth Niederman**
Partner
**Fox Rothschild LLP**
919 N. Market St.
Suite 300
Wilmington, DE 19899-2323
(302) 622-4238 - direct
(302) 656-8920 - fax
SNiederman@foxrothschild.com
www.foxrothschild.com

**From:** Niederman, Seth A. <SNiederman@foxrothschild.com>
**Sent:** April 11, 2022 4:43 PM
**To:** Laura Davis Jones <ljones@pszjlaw.com>; Craig Marcus <cmarcus@glaserweil.com>
**Cc:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>; Youngman, Catherine E. <cyoungman@foxrothschild.com>
**Subject:** RE: ASHINC Litigation Trust/Yucaipa: Letter to Yucaipa's Counsel

Laura and Craig,

As discussed on the call, attached is the Order granting the Trustee's Rule 2004 Motion (D.I. 4184), along with a COC that spells out the procedural history and the hearing transcripts where the Motion was addressed (9/24/2020 and 7/06/2021).

Thanks,

Seth

**Seth Niederman**
Partner
**Fox Rothschild LLP**
919 N. Market St.
Suite 300
Wilmington, DE 19899-2323
(302) 622-4238 - direct
(302) 656-8920 - fax
SNiederman@foxrothschild.com
www.foxrothschild.com

---

**From:** Laura Davis Jones <ljones@pszjlaw.com>
**Sent:** April 10, 2022 3:27 PM
**To:** 'Jeffrey H. Zaiger' <jzaiger@zaigerllc.com>
**Cc:** Gregory P. Joseph <gjoseph@JHANY.COM>; Douglas J. Pepe <dpepe@cohengresser.com>; Gila S. Singer <gsinger@JHANY.COM>; Youngman, Catherine E. <cyoungman@foxrothschild.com>; Niederman, Seth A. <SNiederman@foxrothschild.com>; Patricia Glaser - Glaser Weil Fink Howard Avchen & Shapiro LLP (PGlaser@GlaserWeil.com) <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; mbernstein@glaserweil.com; Craig Marcus <cmarcus@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Judd Linden <jlinden@zaigerllc.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** [EXT] RE: ASHINC Litigation Trust/Yucaipa: Letter to Yucaipa's Counsel

Looks like 4 pm (eastern) will work --

**Laura Davis Jones**
Pachulski Stang Ziehl & Jones LLP
Tel: 302.778.6401 | Cell: 302.547.3132 | Fax: 302.652.4400
ljones@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Jeffrey H. Zaiger [mailto:jzaiger@zaigerllc.com]
**Sent:** Friday, April 8, 2022 4:50 PM
**To:** Laura Davis Jones <ljones@pszjlaw.com>
**Cc:** Gregory P. Joseph <gjoseph@JHANY.COM>; Douglas J. Pepe <dpepe@cohengresser.com>; Gila S. Singer <gsinger@JHANY.COM>; Catherine E. Youngman (cyoungman@foxrothschild.com) <cyoungman@foxrothschild.com>; Seth A. Niederman - Fox Rothschild LLP (sniederman@foxrothschild.com) <sniederman@foxrothschild.com>; Patricia Glaser - Glaser Weil Fink Howard Avchen & Shapiro LLP (PGlaser@GlaserWeil.com) <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; mbernstein@glaserweil.com; Craig Marcus <cmarcus@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Judd Linden <jlinden@zaigerllc.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC Litigation Trust/Yucaipa: Letter to Yucaipa's Counsel

I can make Monday (4/11) afternoon work if you want to propose a time.

(It will invite dirty looks from my wife, but I'm used to that.)

Thanks.

---

**From:** Laura Davis Jones <ljones@pszjlaw.com>
**Sent:** Friday, April 08, 2022 4:40 PM
**To:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>
**Cc:** Gregory P. Joseph <gjoseph@JHANY.COM>; Douglas J. Pepe <dpepe@cohengresser.com>; Gila S. Singer <gsinger@JHANY.COM>; Catherine E. Youngman (cyoungman@foxrothschild.com) <cyoungman@foxrothschild.com>; Seth A. Niederman - Fox Rothschild LLP (sniederman@foxrothschild.com) <sniederman@foxrothschild.com>; Patricia Glaser - Glaser Weil Fink Howard Avchen & Shapiro LLP (PGlaser@GlaserWeil.com) <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; mbernstein@glaserweil.com; Craig Marcus <cmarcus@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Judd Linden <jlinden@zaigerllc.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC Litigation Trust/Yucaipa: Letter to Yucaipa's Counsel

Thanks.  Today is not good, but we should schedule a meet and confer when you return.

**Laura Davis Jones**
Pachulski Stang Ziehl & Jones LLP
Tel: 302.778.6401 | Cell: 302.547.3132 | Fax: 302.652.4400
ljones@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

**From:** Jeffrey H. Zaiger [mailto:jzaiger@zaigerllc.com]
**Sent:** Friday, April 8, 2022 4:03 PM
**To:** Laura Davis Jones <ljones@pszjlaw.com>; Patricia Glaser - Glaser Weil Fink Howard Avchen & Shapiro LLP (PGlaser@GlaserWeil.com) <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; mbernstein@glaserweil.com; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Cc:** Gregory P. Joseph <gjoseph@JHANY.COM>; Douglas J. Pepe <dpepe@cohengresser.com>; Gila S. Singer <gsinger@JHANY.COM>; Catherine E. Youngman (cyoungman@foxrothschild.com) <cyoungman@foxrothschild.com>; Seth A. Niederman - Fox Rothschild LLP (sniederman@foxrothschild.com) <sniederman@foxrothschild.com>; Patricia Glaser - Glaser Weil Fink Howard Avchen & Shapiro LLP (PGlaser@GlaserWeil.com) <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; mbernstein@glaserweil.com; Craig Marcus <cmarcus@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Judd Linden <jlinden@zaigerllc.com>
**Subject:** RE: ASHINC Litigation Trust/Yucaipa: Letter to Yucaipa's Counsel

Hi Laura:

I am away next week so would prefer to meet and confer, today, if possible. Let me know if there is a good time.

Also, a few reactions to your email:

With respect to your first point, we are not conflating time periods or making an incorrect statement. The opposition to the Trustee's motion to register the judgment refers to Yucaipa's "four bank accounts" holding "Yucaipa's only remaining assets." It goes on to reference the Trustee rejecting those accounts being used as security pending appeal and mediation and states: "although its offers have been rejected, Yucaipa has, of its own volition, stopped using these accounts to pay other debts, including the attorneys' fees and costs it must incur to defend the actions brought by the Trustee." (13-50530, D.I. 874 at 5). To the extent you suggest the statement relates to the approximately $45 million in escrow and the segregated reserve account, those accounts have always been outside of Yucaipa's control. As such, the statement about Yucaipa not using them "of its own volition" wouldn't make any sense if it weren't a referring to the four accounts from which we now know an additional $4.5 million has been drained.

With respect to your second and third points, the Trustee sought and was granted the right to take Rule 2004 discovery so she could properly assess claims against transferees like the action already on file. In light of new information, outlined in my letter, the Trustee requires additional information to figure out if there are claims against subsequent transferees. Additionally, Post-Judgment discovery under Rule 7069 has been, and remains, available since Judgment issued on June 23, 2021. (This would include any discovery into Mr. Burkle's testimony which we believe is also proper under the Rule 2004 Order.)

A $132.4 million Judgment has been outstanding and unsatisfied for over 9 months. Full transparency of Yucaipa's dissipation of assets — or alternatively, its receipt of additional assets — is imperative. Given your client's efforts to evade collection, time is of the essence (hence the deadline in our letter).

Please let me know if you are available to discuss today. If you intend to stand on your objections, however, please also let us know. Thanks and kind regards.

-JHZ

**From:** Laura Davis Jones <ljones@pszjlaw.com>
**Sent:** Friday, April 08, 2022 2:42 PM
**To:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>; Patricia Glaser - Glaser Weil Fink Howard Avchen & Shapiro LLP (PGlaser@GlaserWeil.com) <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; mbernstein@glaserweil.com; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Cc:** Gregory P. Joseph <gjoseph@JHANY.COM>; Douglas J. Pepe <dpepe@cohengresser.com>; Gila S. Singer <gsinger@JHANY.COM>; Catherine E. Youngman (cyoungman@foxrothschild.com) <cyoungman@foxrothschild.com>; Seth A. Niederman - Fox Rothschild LLP (sniederman@foxrothschild.com) <sniederman@foxrothschild.com>; Patricia Glaser - Glaser Weil Fink Howard Avchen & Shapiro LLP (PGlaser@GlaserWeil.com) <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; mbernstein@glaserweil.com; Craig Marcus <cmarcus@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Subject:** RE: ASHINC Litigation Trust/Yucaipa: Letter to Yucaipa's Counsel

Hi Jeff.

We received your letter.  We can have a meet and confer as you suggest, but there are a couple of initial points we ask you to consider.

First, with respect to the bank accounts you reference, your statements are incorrect.  You are conflating time periods.  You may recall that Yucaipa offered not to spend any money in the reserve account, and the approximate $45 million in escrow,  in exchange for obtaining a stay pending appeal.  You rejected that offer, and indeed, the District Court denied the stay.  Your motion to register judgment was filed later.

Second, the Trustee has a pending adversary.  Any discovery sought in connection with that litigation needs to be brought under proper discovery procedures under the 7000s Bankruptcy Rules, and not pursuant to the general 2004 Bankruptcy Rule.

Lastly, it is totally inappropriate to seek discovery post-trial on an issue raised at trial.  If the Trustee had an issue with Mr. Burkle's testimony, cross-examination was the proper avenue to discuss the issue.  If there are issues that are somehow relevant to the pending adversary, then discovery issued under that adversary is the appropriate process.  We do reserve all rights to oppose or otherwise respond to any such discovery you may seek.

We do not know what the point of your self-made deadline of today is about, but again we are glad to discuss the issues you have raised.

Best –

Laura

**Laura Davis Jones**
Pachulski Stang Ziehl & Jones LLP
Tel: 302.778.6401 | Cell: 302.547.3132 | Fax: 302.652.4400
ljones@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Jeffrey H. Zaiger [mailto:jzaiger@zaigerllc.com]
**Sent:** Wednesday, April 6, 2022 5:01 PM
**To:** Patricia Glaser - Glaser Weil Fink Howard Avchen & Shapiro LLP (PGlaser@GlaserWeil.com) <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; mbernstein@glaserweil.com; Laura Davis Jones <ljones@pszjlaw.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Cc:** Gregory P. Joseph <gjoseph@JHANY.COM>; Douglas J. Pepe <dpepe@cohengresser.com>; Gila S. Singer <gsinger@JHANY.COM>; Catherine E. Youngman (cyoungman@foxrothschild.com) <cyoungman@foxrothschild.com>; Seth A. Niederman - Fox Rothschild LLP (sniederman@foxrothschild.com) <sniederman@foxrothschild.com>
**Subject:** ASHINC Litigation Trust/Yucaipa: Letter to Yucaipa's Counsel

Please see the attached letter.

Jeffrey H. Zaiger
Zaiger LLC
2187 Atlantic Street, 9th Floor
Stamford, CT 06902
Dir: 203-347-7180
Cell: 917-572-7701
www.zaigerllc.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.