

**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

WILMINGTON, DE
LOS ANGELES, CA
SAN FRANCISCO, CA
NEW YORK, NY
COSTA MESA, CA

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**
FACSIMILE: 302/652 4400

LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**
FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**
FACSIMILE: 415/263 7010

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**
FACSIMILE: 212/561 7777

COSTA MESA
650 TOWNE CENTER DRIVE
SUITE 1500
COSTA MESA
CALIFORNIA 92626

**TELEPHONE: 714/384 4750**
FACSIMILE: 714/384 4751

WEB: www.pszjlaw.com

Laura Davis Jones

May 2, 2022

ljones@pszjlaw.com
302.778.6401

**VIA CM/ECF AND E-MAIL**

The Honorable Christopher S. Sontchi
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street, 5th Floor
Wilmington, DE 19801

**Re:** *In re: ASHINC Corporation, et al.*, **Case No. 12-11564 (CSS)** *Youngman. v. Yucaipa American Alliance Fund I, L.P., et al.*, **Adv. Proc. No. 13-50530 (CSS)** and *Youngman. v. Yucaipa American Alliance Fund I, L.P., et al.*, **Adv. Proc. No. 14-50971 (CSS)**

Dear Judge Sontchi:

We write in response to the Trustee's April 28, 2022 Letter[1] requesting supplemental relief for additional discovery in connection with the Rule 2004 Order and/or her discovery propounded under Rule 7069(a)(2) following the June 23, 2021 Judgment.[2]

As an initial matter, Yucaipa has no ongoing obligations under the Rule 2004 Order. That order was entered over nine months ago and required YAAF 1[3] to provide, within weeks of the entry of the order, certain information in YAAF 1's possession at the time concerning distributions made to its partners between December 1, 2016 and the date of the Rule 2004 Motion.[4] *See* Rule 2004 Order, Schedule A

---

[1] Main Case No. 12-11564, D.I. 4219; Adv. 13-50530, D.I. 1004; Adv. 14-50971, D.I. 740 (the "Letter").

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Trustee's Letter.

[3] Yucaipa American Alliance Fund I and Yucaipa American Alliance (Parallel) Fund I, L.P. (together "Yucaipa" or "YAAF 1").

[4] Main Case No. 12-11564, D.I. 4086 (the "Rule 2004 Motion").

DOCS_DE:239109.5 96991/001



May 2, 2022
Page 2

(requiring production of information relating to distributions made since December 1, 2016); *see also* Letter, Ex. A, at p. 4 ("Unless otherwise specified, the relevant time period for these Interrogatory Requests is the period commencing January 1, 2015 ***through present***) (emphasis added); *id.* at 6 (same, for Document Requests).

Further, although the Trustee suggests that YAAF 1 had an obligation to "update" information as to discovery secured under Rule 7069(a)(2) pursuant to Rule 26(e)(1)(A), that rule applies only if a "party learns that in some material respect the disclosure or response is incomplete or incorrect." That is not the case here and the Trustee does not so assert.

Indeed, the discovery requests attached to the Letter make clear that Yucaipa has complied with the scope of such requests. In particular, the following excerpted portions of the requests are relevant:

*****

Interrogatories:

1. Identify all bank accounts used directly or indirectly by each of the Yucaipa Entities from January 1, 2015 through present (each an "**Account**" and collectively, the "**Accounts**").

5. Identify and describe all Assets the Partnership has distributed to its Partners (whether in cash or in kind) or otherwise sold, spent, transferred, or alienated from January 1, 2015 to present.

6. Identify all recipients of any Assets identified in response to Interrogatory No. 5, including the date such recipient received the Assets, and the amount or value ascribed to such Assets at the time of transfer, including, for the avoidance of doubt, any distributions directly or indirectly to the Yucaipa Entities and Ron Burkle.

Request for Production of Documents:

1. Documents concerning Assets the Partnership has distributed to Partners (whether in cash or in kind) or otherwise sold, spent,

2



May 2, 2022
Page 3

transferred or alienated as identified in response to Interrogatory Request No. 5.

10. Bank account statements for the Accounts identified in response to Interrogatory Request No. 1.

*****

Yucaipa fully complied with the Rule 2004 Order following its entry as well as Rule 7069(a)(2), and the Trustee did not dispute Yucaipa's compliance for over nine months. Neither the Rule 2004 Order nor Rule 7026(e)(1)(A) require Yucaipa to provide information to the Trustee indefinitely, whenever she demands.

The Trustee's claim that the information requests made in the 2004 Motion and Rule 7069(a)(2) are "continuing in nature" is a red herring. Yucaipa complied timely and fully with the requests made in the Rule 2004 Motion and the Rule 7069(a)(2) requests. The information now being sought falls outside the scope of the original requests. For that reason, the Letter is procedurally improper, because the Trustee is presently seeking new relief by letter, rather than by motion.

Moreover, as we explained to the Trustee, there is nothing to supplement. Pursuant to her Rule 2004 Motion, the Trustee sought information concerning distributions made by YAAF 1 to its partners from December 1, 2016 through the date of the Rule 2004 Motion, and through the Rule 7069(a)(2) discovery response date. Yucaipa provided all such information to the Trustee many months ago. No other distributions have been made by YAAF 1 to its partners since the response date.

Neither the Rule 2004 Order nor Rule 7069(a)(2) entitle the Trustee to information regarding ordinary course payments made by YAAF 1 on an ongoing basis. Evidence of such payments never fell within the scope of the Rule 2004 Order. Nor was YAAF 1 restricted in any way from making such payments from its bank accounts over the last nine months. While Yucaipa offered to freeze its accounts in exchange for a stay pending appeal, the Trustee rejected that offer. Yucaipa's representation that it had voluntarily stopped using its accounts at the time it filed its opposition to the Trustee's motion



May 2, 2022
Page 4

to register the judgment was true in August 2021, when it filed that opposition. But Yucaipa never agreed to stop using its accounts indefinitely. The Trustee never sought to freeze Yucaipa's accounts and no court ever entered an order freezing Yucaipa's accounts. Thus, the Trustee's feigned outrage upon finding that Yucaipa had used a portion of its funds to make ordinary course payments over the course of approximately eight months is not well taken. In fact, the Trustee did not levy Yucaipa's account until during the trial. Notwithstanding Trustee's counsel's statements on multiple occasions to Yucaipa's counsel and representation to the Court that the delay in execution on the judgment was because of a 6 month backlog in the U.S. Marshal's office and COVID, review of the California docket reveals that the writ of execution was served on the bank by a deputized private process server (not the U.S. Marshal) within a week of its issuance. Rather, the delay appears to have been the result of the Trustee not registering the judgment in the Central District of California until January 24, 2022, over 4 months after it was authorized by this Court to do so on September 16, 2021.

The cases cited by the Trustee to support her "continuing obligation" requirement are distinguishable and not binding in any event. The court in *SAS Inst., Inc. v. World Programming Ltd.*, No. 5:10-CV-25-FL, 2018 U.S. Dist. LEXIS 34282, at *15-16 (E.D.N.C. Mar. 2, 2018) relied upon FRCP 26(e) in requiring the defendant to supplement its discovery responses, which were incomplete, where the discovery sought was with respect to the defendant's assets and revenues and the defendant continued to receive such revenues on an ongoing basis. That rationale does not apply to YAAF 1. And *Am. Home Assurance Co . v. Rap Trucking, Inc.*, No. 09-80020, 2010 U.S. Dist. LEXIS 150517, at *6 (S.D. Fla. June 3, 2010) contains only a vague reminder to the defendant of its obligation to supplement discovery pursuant to Rule 26(e), after the court acknowledged it could not direct the defendant to produce documents it did not have.

Finally, the Trustee's demand for an accounting is based on a blatant mischaracterization of Mr. Burkle's trial testimony. The Trustee's statement that Mr. Burkle testified that Yucaipa had to return its carried interest as a result of the Court's June 23, 2021 Judgment is



May 2, 2022
Page 5

not accurate.  Mr. Burkle's testimony on this point is excerpted below:

```
3 . . . . And then the reason we didn't get an override or a carry
4 is because we lost money here and because of the judgments that
5 have come out, we lost so much money that we lost the carry on
6 everything in the fund.
7 So not only did we lose the investment, but we had to
8 pay about $80 million of carry of profit we had made on other
9 investments because the losses here, the way the Court has
10 ruled, the losses here are so large that it took the whole fund
11 under the eight percent return and so I had to write the $80
12 million or so back to the fund that we had. So we received
13 nothing.
```

3/3/22 Trial Tr. 70:3-13.

Mr. Burkle did not testify that he made any transfers following, or as a result of, the entry of the Court's June 23, 2021 Judgment. Instead, he made reference generally to the Court's prior rulings during the course of this case that preceded the Judgment (*e.g.*, the multiple adverse rulings regarding the Fourth Amendment, the section 363 sale order, etc.), which ensured that Yucaipa's investment in Allied would not generate a profit.  If the Trustee wanted to clarify Mr. Burkle's testimony on this point, the time to do so was through cross-examination at trial, not through a post-trial letter that attempts to collaterally reopen the evidentiary trial record. In any event, as Yucaipa has previously informed the Trustee, YAAF 1 has already produced evidence of all distributions made to its partners since December 1, 2016 and there is nothing more to produce.

In sum, the Trustee has already received all evidence of distributions to partners under the Rule 2004 Order and Rule 7069(a)(2), and no other distributions have been made since.



May 2, 2022
Page 6

We remain available at the Court's convenience.

Respectfully submitted,

*/s/ Laura Davis Jones*

Laura Davis Jones


cc: Counsel to the Trustee (via email)
    Patricia L. Glaser, Esquire (via email)