## Exhibit A

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC CORPORATION, *et al.*[1], | Case No. 12-11564 (MFW) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.'S MOTION FOR ORDER AUTHORIZING AND EFFECTING SETOFF OF MUTUAL OBLIGATIONS, OR, IN THE ALTERNATIVE, EFFECTING RECOUPMENT**

Upon the motion (the "Motion")[2] of Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. (collectively, "Yucaipa") for entry of an order, pursuant to sections 502 and 553(a) of Title 11 of the United States Code, that Yucaipa's filed proofs of claim are valid and allowed claims for all purposes, and authorizing and effecting the setoff or, in the alternative, recoupment of Yucaipa's claims against the *Judgment* dated June 23, 2021 [Adv. Proc. No. 13-50530, D.I. 841 and Adv. Proc. No. 14-50971, D.I. 579], all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b), and the *Amended Standing Order of*

---

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58-0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90- 0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38 0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45 4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582).

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Yucaipa Claims are allowed in the aggregate amount of $189,652,378.61 for all purposes.

3. The Yucaipa Claims are set off against the Breach of Contract Award, including the accrued interest portion of that award (*i.e.,* $118,339,858 in the aggregate), reducing any sums owing on that award to $0.00, as follows:

    i. The full amount of the Yucaipa Second Lien Claims, totaling $26,832,023.06, are set off against the Breach of Contract Award, reducing the unsatisfied amount of the Breach of Contract Award to $91,507,834.94;

    ii. Yucaipa First Lien Claims in the amount of $91,507,834.94 are set off against the remaining amount of the Breach of Contract Award, which reduces the Breach of Contract Award to zero;

    iii. Following the setoff described above, Yucaipa will continue to hold Yucaipa First Lien Claims in the amount of $78,351,231.91;

    iv. All amounts previously recovered by the Trustee from Yucaipa on the MSJ Judgment, including the $3,324,787.66 in cash recovered from Yucaipa, will be applied to reduce the balance of the MSJ Judgment, subject to being returned upon a reduction or reversal of the MSJ Judgment on appeal.

4. The Yucaipa Claims that are set off against the Breach of Contract Award as set forth herein are subject to being increased by any amount by which the Breach of Contract Award is reduced on appeal.