**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ASHINC CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-11564-MFW<br><br>Jointly Administered<br><br>**Hearing Date: December 3, 2025 at 3:00 P.M. (ET)**<br>**Objections Due: November 26, 2025 at 4:00 P.M. (ET)** |

**PLAN ADMINISTRATOR AND LITIGATION TRUSTEE'S MOTION FOR AN ORDER EXTENDING THE TERM OF THE LITIGATION TRUST**

Catherine E. Youngman, in her capacity as the Litigation Trustee and Plan Administrator (the "Litigation Trustee") for ASHINC Corporation ("ASHINC") and related debtors (together, ASHINC and the related debtors are the "Debtors"), files this motion (the "Motion") for an order pursuant to Sections 5.8, 5.10, and 5.11 of the Plan (as defined below), Article I and Sections 3.2 and 9.1 of the Litigation Trust Agreement (as defined below), and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the term of the ASHINC Litigation Trust (the "Litigation Trust Deadline") for an additional one (1) year, and respectfully represents as follows:

[1] The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: ASHINC Corporation (f/k/a Allied Systems Holdings, Inc.) (58-0360550); AAINC Corporation (f/k/a Allied Automotive Group, Inc.) (58-2201081); AFBLLC LLC (f/k/a Allied Freight Broker LLC) (59-2876864); ASCCO (Canada) Company (f/k/a Allied Systems (Canada) Company) (90-0169283); ASLTD L.P. (f/k/a Allied Systems, Ltd. (L.P.) (58-1710028); AXALLC LLC (f/k/a Axis Areta, LLC) (45-5215545); AXCCO Canada Company (f/k/a Axis Canada Company) (875688228); AXGINC Corporation (f/k/a Axis Group, Inc.) (58-2204628); Commercial Carriers, Inc. (38-0436930); CTSINC Corporation (f/k/a CT Services, Inc.) (38-2918187); CTLLC LLC (f/k/a Cordin Transport LLC) (38-1985795); F.J. Boutell Driveway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582).

## Jurisdiction

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On May 17, 2012, these jointly administered cases were commenced by the filing of an involuntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") against Allied Systems Holding, Inc., (Case No. 12-11564-CSS) and Allied Systems, Ltd. (L.P.) (Case No. 12-11565-CSS).

3. On June 11, 2012, the Court entered an Order for Relief in Involuntary Cases [D.I. 88], as well as an Order Directing Joint Administration of the Debtors' Related Chapter 11 Cases [D.I. 89].

4. On December 3, 2015, a Modified First Amended Joint Chapter 11 Plan of Reorganization (the "Plan") was filed jointly by the Debtors, the Committee of Unsecured Creditors (the "Committee") formed in these cases, and the first lien agents [D.I. 3360].[2]

5. Section 5.10 of the Plan provides for the appointment of a Litigation Trustee,[3] which, pursuant to Section 1.2(128), also encompasses the role of "Plan Administrator."[4]

6. Section 5.8 of the Plan provides, among other things, that the Plan Administrator "shall have all the rights and powers to implement the provisions of the Plan pertaining to the

---

[2] A First Amended Joint Chapter 11 Plan of Reorganization was originally filed on August 28, 2015 [D.I. 3164], and subsequently revised on September 9, 2015 [D.I. 3196] and again on December 3, 2015 with the Plan (as defined above).

[3] All terms not defined herein shall be defined as set forth in the Plan or the Litigation Trust Agreement.

[4] Section 1.2(128) defines the "Plan Administrator" as "the person designated as the Litigation Trustee by the Litigation Oversight Committee in accordance with the Litigation Trust Agreement."

Plan Administrator, including, without limitation, the right to (1) effect all actions and execute all agreements, instruments and other documents necessary to implement the provisions of the Plan … ."

7. Section 5.10(b) of the Plan further provides that the Litigation Trustee "have the power to make all decisions with respect to the prosecution of the Litigation Claims;"[5]

8. Under the Litigation Trust Agreement between the Litigation Trustee, ASHINC Corporation, and the First Lien Agents dated as of December 20, 2016) (the "Litigation Trust Agreement") and the Plan, the Estate Claims and Lender Claims (collectively, the "Claims") are now jointly prosecuted by the Litigation Trustee. If these Claims are successful, all stakeholder constituents will recover under a Litigation Proceeds Waterfall approved by the Court.

9. On December 9, 2015, the Court entered Findings of Fact, Conclusions of Law, and Order Confirming the Plan (the "Confirmation Order") [D.I. 3383]. The Confirmation Order appointed Ms. Youngman as the Litigation Trustee and Plan Administrator in these cases. *See* Confirmation Order at ¶¶ 20 and 22.

10. All conditions precedent for the Effective Date of the Plan were satisfied on December 20, 2016, and therefore December 20, 2016, is the Effective Date of the Plan. *See* Notice of Effective Date filed on December 21, 2016 [D.I. 3744].

11. The Litigation Trust established in the Plan provides for the Litigation Trustee to facilitate implementation of the Debtor's Modified First Amended Plan of Reorganization Proposed by the Debtors, the Committee, and the First Lien Agents, dated December 9, 2015. *See* Litigation Trust Agreement at ¶¶ 3.1 and 3.2. Further, the Litigation Trust was established for the purpose of administering the Litigation Trust Assets, pursuing all Litigation Claims, and

[5] As defined in the Plan.

making all distributions on account of the Litigation Trust Interests as provided for under the Plan. *Id.*

12. The Litigation Trustee has been pursing litigation against, among others, Yucaipa American Alliance Fund I, LP and Yucaipa American Alliance (Parallel) Fund I, LP (together, "Yucaipa")[6] for years — including in adversary proceedings 12-50947, 13-50530, and 14-50971 (collectively, the "Adversary Proceedings"). As detailed in the status report filed by the Litigation Trustee on May 10, 2021 [D.I. 4153], the Court issued an Opinion and Order granting in part and denying in part the Litigation Trustee and Yucaipa's respective motion for summary judgment (the "Summary Judgment Order").

13. On May 18, 2021, Yucaipa filed in each of the Adversary Proceedings, *Objections to the Bankruptcy Court's May 4, 2021 Summary Judgment Opinion and Order* [13-50530, D.I. 828; 14-50971, D.I. 566] and *Objection to Entry of Judgment and Additional Objections to the Proposed Form of Judgment Submitted by the Litigation Trustee; Request for Stay in the Alternative* [13-50530, D.I. 830; 14-50947, D.I. 568]

14. On June 22, 2021, the Litigation Trustee filed in each of the Adversary Proceedings, a *Response to: (1) Yucaipa's Objections to Summary Judgment Opinion and Order, Entry of Judgment, and Proposed Form of Judgment, and (2) Questions From the Court* [13-50530, D.I. 836, 14-50971, D.I. 574], and Yucaipa filed a Reply in Further Support of Its Objections to the Entry of Judgment [13-50530, D.I. 838, 14-50971, D.I. 576];

15. On June 23, 2021, Judgment was entered [13-50530, D.I. 841; 14-50971, D.I. 579] (the "Judgment") against Yucaipa on: (1) Estate Claim 5 (Breach of Contract) and damages and prejudgment interest were awarded in favor of the Litigation Trustee in the amount of

[6] Claims against several additional defendants been dismissed following resolutions between the parties.

$118,339,858 for the claim, and (2) Estate Claims 10 (Constructive Fraudulent Transfers), 11 (Constructive Fraudulent Transfers), and 13 (Disallowance of Claims) and damages and prejudgment interest were awarded in favor of the Litigation Trustee in the amount of $14,092,099 for these claims. The Judgment also granted summary judgment in Yucaipa's favor on: (1) Lender Claim 4 (Tortious Interference) (2) Estate Claim 3 (Recharacterization), (3) Estate Claim 4 (Specific Performance), and (5) Estate Claim 6 (Specific Performance).

16. Pursuant to this Court's directive during a status conference on May 12, 2021, Trustee's counsel coordinated with Yucaipa's counsel and the Court's staff to schedule the remaining claims for trial later in 2021.

17. The Litigation Trust Agreement provides that the Litigation Trust will be dissolved no later than five (5) years from the Effective Date unless a party in interest seeks to extend the Litigation Trust.

18. In June 2021, the Litigation Trustee filed a motion to extend the Litigation Trust for another two (2) years (the "First Trust Extension Motion") because the Adversary Proceedings had not concluded, the Trustee anticipated appeals to be filed by Yucaipa, and to allow the Trustee to investigate whether there were additional distinct causes of action against third parties for the benefit of the Litigation Trust, specifically fraudulent conveyance actions. The First Trust Extension Motion was approved, and an Order Extending the Litigation Trust was entered on July 13, 2021 [D.I. 4187].

19. As of June 20, 2023, the Adversary Proceedings still had not concluded and the reference had been withdrawn to the District Court in Adv. Pro. No. 21-51179-MFW as noted in the status report filed with this Court on January 30, 2023 [D.I. 101], and Yucaipa and the Litigation Trust were in the process of attempting to reach a settlement of their claims, which

settlement contemplated a note to be paid to the Litigation Trust potentially after December, 2023. *See* Status Report in Adv. Pro. No. 14-9057 Dated May 23,2023 [D.I. 763].

20. The Litigation Trust just received the analysis and proposed distribution from Omni Agent Solutions and the anticipated distribution is set for the first week of December. However, since the claims were filed long ago, it is anticipated that clearing distributions and deciding on a redistribution of unclaimed funds will take some time. In addition, the Report of Distribution will need to be filed.

21. Accordingly, the Litigation Trustee, to carry out her fiduciary duties and the purposes of the Litigation Trust, seeks to have the term of the Litigation Trust extended for an additional one (1) year.

**Relief Requested**

21. By this Motion, the Litigation Trustee and Plan Administrator requests entry of an order further extending the term of the Litigation Trust by one year to and including December 20, 2026, without prejudice to the Litigation Trustee's right to seek further extensions of the term of the Litigation Trust.

**Basis for Relief**

22. The Litigation Trust Agreement provides for an extension of the term of the Litigation Trust as follows:

> **9.1 Term; Termination of the Litigation Trust.**
>
> The Litigation Trust will be dissolved no later than five (5) years from the Effective Date; provided, however, **that the Bankruptcy Court, upon motion by a party in interest, on notice with an opportunity for a hearing, may extend the term of the Litigation Trust for a finite period if (i) such extension is necessary to the purpose of the Litigation Trust**, (ii) the Litigation Trustee receives an opinion of counsel or a ruling from the Internal Revenue Service stating that such extension would not adversely affect the status of the Litigation Trust as a liquidating trust for U.S. federal income tax purposes, and (iii) such

> extension is obtained within the six (6) month period prior to the Litigation Trust's fifth (5th) anniversary or the end of the immediately preceding extension period, as applicable.

Litigation Trust Agreement*,* ¶9.1 (emphasis added).

23. Extension of the term of the Litigation Trust is necessary to carry out the purposes of the Litigation Trust, including making distribution of the Litigation Trust Proceeds in accordance with the Plan and the Litigation Proceeds Waterfall and filing its final report.

24. As required, this Motion is being brought within the six (6) months period prior to Litigation Trust's termination date.

25. Accordingly, this Court should grant the Litigation Trustee's Motion to extend the term of the Litigation Trust.

26. The Court also may extend the Litigation Trust Deadline pursuant to Bankruptcy Rule 9006(b)(1), which provides as follows:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

27. The Litigation Trust was incorporated into the Plan which was confirmed on December 3, 2015. *See Plan Confirmation Order,* ¶1 [D.I. 3383]. As such, the Confirmation Order is an Order of the Court and the term of the Litigation Trust may be enlarged pursuant to Rule 9006(b)(1).

28. Based on the foregoing, the Liquidation Trustee and Plan Administrator believes that adequate cause exists to extend the Litigation Trust as requested herein.

## Notice

29. Notice of this Motion has been provided to (a) the United States Trustee, (b) the Debtors, (c) the ASHINC Litigation Trust, (d) the Committee, (e) the First Lien Agents, (f) and all parties requesting notices pursuant to Bankruptcy Rule 2002. The Litigation Trustee submits that under these circumstances no other or further notice is necessary.

WHEREFORE, the Litigation Trustee respectfully requests entry of an order (i) further extending the term of the Litigation Trust by one year to and including December 20, 2026, without prejudice to the Litigation Trustee's right to seek further extensions of the term of the Litigation Trust and (ii) such other and further relief as the Court deems just and proper.

Dated: November 12, 2025


**FOX ROTHSCHILD LLP**

*/s/ Seth A. Niederman*
Seth A. Niederman (DE Bar No. 4588)
Citizens Bank Center
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
Tel.: (302) 654-7444
Fax: (302) 656-8920

-and-

Catherine E. Youngman, Esq.
49 Market Street
Morristown, NJ 07960
Tel.: (973) 992-4800
Fax: (973) 992-9125

*Counsel for the Litigation Trustee and Plan Administrator*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system on all parties registered to receive such notice, on this 12th day of November, 2025

*/s/ Seth A. Niederman*
Seth A. Niederman (No. 4588)